UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRIDE CENTRIC RESOURCES, INC., formerly known as PRIDE MARKETING AND PROCUREMENT, INC.,<br>*Plaintiff* | CIVIL ACTION<br>NO. 19-10163<br><br>SECTION: "D" (1) |
| VERSUS | JUDGE WENDY B. VITTER |
| LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.,<br>*Defendants* | MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion to Quash filed by defendants LaPorte, APAC ("Laporte") and Continental Casualty Company ("Continental"). (Rec. Doc. 75). They seek to quash the deposition of Joe Richardson, a CPA that LaPorte consulted with when preparing its resignation/disengagement letter with regard to the 2015 audits of Pride Centric Resources, Inc. ("Pride") and Foodservicewarehouse.com, LLC ("FSW"). Because the court finds Mr. Richardson's testimony is either irrelevant, duplicative, or protected from discovery because Mr. Richardson is a consulting expert, the Motion is GRANTED.

Background

The Court is by now familiar with this matter filed by Pride and the related lawsuit against LaPorte filed by the bankruptcy trustee of FSW. FSW was formed by approximately 80% of Pride's members in 2006. After embarking on a plan of rapid expansion in hopes of a lucrative liquidity event and, according to FSW, in reliance on the 2013 and 2014 audits of its financial statements by LaPorte, FSW ultimately became insolvent and filed a bankruptcy petition in May 2016. In this lawsuit, Pride alleges that it relied on the audits performed by LaPorte, which audited Pride's financial statements in the same period. According to Pride, it relied on the Pride and FSW

1

audits to increase its guaranty of FSW's debt. As a result of FSW's insolvency, Pride alleges it paid $15.7 million to IberiaBank under its guaranty.

Of relevance to the present issue before the court, in early April 2016,[1] LaPorte consulted with Mr. Richardson, a CPA with Harper & Pearson Company, P.C., about ending LaPorte's engagement with both FSW and Pride. On May 9, 2016, LaPorte sent a letter to Thomas Kim, the new CEO of FSW, terminating LaPorte's engagement for the 2015 audit. The letter referred to FSW's 2015 acquisition of two businesses without any financial records, the change in management and staff at FSW leaving fewer people with knowledge of accounting information, and the incomplete and possibly inaccurate financial records of FSW. Ex. 1 to LaPorte's Mtn. for Prot. Order, Hof v. LaPorte, APAC, 2:19-cv-10696, ECF #39- 3 (E.D. La. July 14, 2020).

The trial of this matter is scheduled to begin on January 11, 2021. The deadline to complete discovery is November 16, 2020. The separate lawsuit against LaPorte filed by the trustee of FSW's bankruptcy estate is also pending in the same section and division of this court and set for trial the same date.[2] The matters have not been officially consolidated; however, the parties have been conducting discovery jointly.

---

[1] Emails between LaPorte and Richardson reflecting this initial contact and dated April 1, 2016 were produced in the related litigation filed by FSW's bankruptcy trustee after the Court found the emails were not protected by the work-product doctrine. See Hof v. LaPorte, 2:19-cv-10696, ECF # 56 (E.D. La. Aug. 6, 2020). The court found the emails were not protected because LaPorte had not shown that the primary purpose of the creation of the emails was anticipation of litigation. Id. at 8. LaPorte argued that the emails reflected an attempt to obtain legal advice in anticipation of potential litigation that might result from an improper disengagement. Id. at 7. The court found that the emails were better characterized as an attempt to employ best practices to avoid future litigation. Id. The court noted that the documents contained no litigation strategy, that no lawyers were involved in the communications, that there was no active dispute between LaPorte and FSW, and that no litigation has resulted from the disengagement. Id. at 7-8. The court's conclusion regarding the emails in question does not necessarily extend beyond the emails to Mr. Richardson's entire relationship with LaPorte. Indeed, while the emails in question discussed the logistics of disengagement, the testimony sought by Pride here concerns an entirely different topic-- his knowledge of FSW's financial records.
[2] Although the discovery deadline in this matter has been extended to November, the other lawsuit still has a September 25, 2020, discovery deadline.

The issue presently before the court is whether to quash the deposition of Mr. Richardson, which was noticed by Pride on October 29, 2020, and set to occur on November 13, 2020. LaPorte filed this Motion to Quash on November 5, 2020, and the matter was set for expedited hearing with Pride's opposition memorandum due at noon on November 9, 2020.

Defendants argue that Mr. Richardson's testimony is irrelevant, duplicative, and protected by the work-product privilege. They characterize Mr. Richardson as a consulting expert under Federal Rule of Civil Procedure 26(b)(4)(D) because, they say, his knowledge and opinions are not based on information obtained through percipient observations. They argue that Mr. Richardson has no knowledge as to either the 2013 or 2014 audits and that he was merely retained to assist in the drafting of the resignation/disengagement letter in 2016. They submit that even if Mr. Richardson has opinions on causation in this matter, such opinions would not be based on personal knowledge. They argue that Pride cannot meet the heavy burden required to depose a consulting expert. They insist that Mr. Richardson does not have any relevant opinions or information that relate to the facts at issue in this matter.

Pride opposes. It argues that Mr. Richardson has factual knowledge of events giving rise to Pride's claims because he was involved in the disengagement that stemmed from the issues that resulted in LaPorte's malpractice. It points out that it claims that LaPorte ignored the fact that FSW's books and records were "garbage" and conducted audits without disclosing this issue. Pride submits that LaPorte disengaged from subsequent audits based on FSW's poor books and records. Pride insists that Mr. Richardson was intimately involved with LaPorte's disengagement and has knowledge of the state of FSW's books and records from this involvement. Pride argues that the deposition of Richardson is proportional with the needs of the case because it did not receive information about Mr. Richardson's existence or communications with LaPorte until after

LaPorte's fact witnesses were deposed. Pride adds that the deposition will only last one or two hours and will be conducted by Zoom.

Pride further argues that Richardson is not a consulting witness because it seeks to depose Richardson regarding the facts and documents disclosed to him by LaPorte representatives. Pride argues that nothing in the Richardson-LaPorte communications indicates that litigation was anticipated at the time he was retained, especially as to Pride.

<u>Law and Analysis</u>

1. *Scope of Discovery*

The Federal Rules of Civil Procedure provide that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. Proc. 26(b)(1). "Information within this scope of discovery need not be admissible in evidence to be discoverable." <u>Id.</u> The Rule requires consideration of the following factors in assessing proportionality: "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." <u>Id.</u>

Additionally, Rule 26(b)(2) requires that the court, on motion or on its own, limit discovery (1) that is unreasonably cumulative or duplicative or can be obtained from another source that is more convenient, less burdensome, or less expensive; (2) when the party seeking discovery has had ample opportunity obtain the information by discovery in the action; or (3) when the discovery is outside the scope of Rule 26(b)(1). Fed. R. Civ. P. 26(b)(2)(C)(i).

2. *Consulting Experts*

The Federal Rules of Civil Procedure protect from discovery the facts and opinions known to a non-testifying expert retained in anticipation of litigation or to prepare for trial. Fed. R. Civ. P. 26(b)(4)(D).

> Ordinarily, a party may not, by interrogatories or deposition, discover facts known or opinions held by an expert who has been retained or specially employed by another party in anticipation of litigation or to prepare for trial and who is not expected to be called as a witness at trial. But a party may do so only:
> (i) as provided in Rule 35(b); or
> (ii) on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means.

Id.  To be entitled to these protections, the consulting expert must not have had prior knowledge of the facts giving rise to the litigation and must not be or become an actor in the factual narrative of the case. In re Taxotere (Docetaxel) Prod. Liab. Litig., No. MDL 16-2740, 2018 WL 5669019, at *4 (E.D. La. Nov. 1, 2018).

3. *Joe Richardson*

The court finds that the testimony of Mr. Richardson is not relevant to the present litigation, and, to the extent it is relevant, it is protected from discovery by Rule 26(b)(4)(D) and/or duplicative. According to LaPorte, Mr. Richardson was retained to advise LaPorte on how to proceed with withdrawal from their engagement with Pride and FSW. The present litigation does not challenge the disengagement, and Mr. Richardson's opinions and advice about how LaPorte should terminate its relationship with FSW and Pride is not relevant.

But Pride says seeks to obtain Mr. Richardson's testimony about the "state of FSW's books and records." (Rec. Doc. 80, at 2). Apparently Pride believes that Mr. Richardson received and/or reviewed FSW's financial records in the course of his consultation. Even if this is true, Mr. Richardson's observations and analysis of the financial records is not relevant here where Mr.

Richardson was not involved with the 2013 and 2014 audits at issue. He did not obtain information about FSW's financial records or the audits until long after these audits were complete. His opinions about FSW's financial records in 2013, 2014, 2015, or even 2016 provide no facts relevant to this litigation. His opinions of the financial records may be interesting to Pride, but Pride has already had the opportunity to obtain an expert opinion of the financial records through its own retained expert. To the extent Pride intends to ask Mr. Richardson what LaPorte told him about the condition of FSW's financial records, Pride has already been able to depose LaPorte representatives and review LaPorte's communications on this topic. To allow Mr. Richardson's deposition now would be duplicative of earlier discovery.

Further, to the extent Mr. Richardson could provide any testimony regarding the 2013 and 2014 financial records and audits at issue in the litigation, the court finds that his testimony is protected by Rule 26(b)(4)(D). If Mr. Richardson analyzed the 2013 and 2014 financial records or LaPorte's audits of those time periods, there can be no dispute he did so in anticipation of the present litigation—what other purpose would an outside CPA have in reviewing the 2013 and 2014 information? Indeed, here it appears that Mr. Richardson was referred to LaPorte by its insurer, who even paid Mr. Richardson's bill, following the insurer being alerted to a possible claim. Aff. of Campione, Hof v. LaPorte, 2:19-cv-10696, ECF # 75-2, at 3 (E.D. La. Sept. 28, 2020). In assessing the 2013 and 2014 financial records and advising LaPorte how to proceed, Mr. Richardson is a consulting expert entitled to the protections of Rule 26(b)(4)(D).

Thus, Pride can only obtain Mr. Richardson's testimony "on showing exceptional circumstances under which it is impracticable for the party to obtain facts or opinions on the same subject by other means." Fed. R. Civ. P. 26(b)(4)(D)(ii). Pride has made no showing of such exceptional circumstances. Pride has been able to review the financial records itself. As noted

6

above, its expert has been able to review and analyze the records and provide an opinion about the condition of those records. It has been able to depose LaPorte about its impression of the 2013 and 2014 financial records. The exception to Rule 26(b)(4)(D) does not apply.

Conclusion

For the foregoing reasons, the court finds Mr. Richardson's testimony is either irrelevant, redundant, or protected from discovery because Mr. Richardson is a consulting expert. Accordingly, LaPorte's Motion to Quash (Rec. Doc. 75) is DENIED.

New Orleans, Louisiana, this 10th day of November, 2020.

Janis van Meerveld
United States Magistrate Judge
