UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRIDE CENTRIC RESOURCES, INC., formerly known as PRIDE MARKETING AND PROCUREMENT, INC., *Plaintiffs* <br><br> VERSUS <br><br> LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL., *Defendants* <br><br> ***Ref. All Cases*** | CIVIL ACTION <br> NO.   19-10163 <br> c/w 19-10696 <br><br> SECTION:  "D" (1) <br><br> JUDGE WENDY B. VITTER <br><br> MAGISTRATE JUDGE <br> JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion for Protective Order and to Quash filed by LaPorte, APAC, Cheryl Haspel, Tracy Tufts, Anthony M. Rutledge, and Michael Simon (collectively "LaPorte) (Rec. Doc. 174) in which Continental Casualty Company ("Continental") joins and the Motion for Protective Order filed by Continental (Rec. Doc. 181). These motions concern the scope of the deposition of Continental by Pride and the Trustee, the duration of that deposition, and whether the Trustee will be allowed to depose Continental employee Lew Campione in addition to the corporate representative designated by Continental. The Court addresses each issue as follows below. Oral argument set for April 7, 2021, is CANCELLED.

1. *Scope of the Continental Deposition*

As to the scope of the Continental deposition, it is unclear where the dispute between the parties lies. The Trustee and Pride each argue that the deposition of Continental is relevant to the issue of what insurance policy covers their claims. Neither raises any other issue to which discovery to Continental would be relevant. Continental and LaPorte argue that the deposition

1

must be limited as ordered by the Court on October 23, 2020,[1] to exclude non-coverage related information. They concede coverage information is relevant. The Court therefore concludes that the parties are in agreement that the deposition should proceed as to coverage related matters only. Accordingly, the deposition will be allowed to proceed, provided that Continental will not be required to testify or produce documents that are irrelevant to the coverage dispute.

To the extent the scope of particular topics and document requests is challenged by LaPorte and Continental, the Court finds that their conclusory objections to the Trustee's deposition notice are insufficient to prevent discovery.[2] They have not explained why any particular request is overbroad or unduly burdensome. Simply objecting to discovery requests as "overly broad, burdensome, oppressive and irrelevant" is "not adequate to voice a successful objection." McLeod, Alexander, Powel & Apffel, P.C. v. Quarles, 894 F.2d 1482, 1485 (5th Cir. 1990) (quoting Josephs v. Harris Corp., 677 F.2d 985, 992 (3d Cir. 1982)). While some of the topics and document requests might be read as extending beyond coverage related information,[3] to the extent the questioning or documents are relevant to the coverage dispute, they are fair game. As to the specific objections raised by Continental to the Pride deposition notice, the Court finds as follows:

- Documents and communications that occurred on or after May 7, 2019, need not be produced and need not be logged on a privilege log. They are likely protected by the work

---

[1] (Rec. Doc. 69).
[2] The court also rejects any suggestion by LaPorte that discovery is limited more than required by Rule 26(b) because the District Court, prior to authorizing specific discovery after the expiration of the discovery deadline, referred to "extremely limited" discovery. In ordering specific discovery, the Court imposed the limits it intended. Beyond that, Rule 26 controls.
[3] For example, Topics 3, and 7 through 13 of the Trustee's Notice of Deposition seek claims file documents, communications, or investigation materials. While investigation might seem to be work product materials and/or irrelevant to the coverage dispute, each request appears to be tailored to determine whether Continental was investigating certain claims as early as Continental claims it was on notice of such claim. The Trustee and Pride take the position that Continental was not on "notice" under the policy of their claims until those claims were actually made. As a result, the requested information is relevant to the coverage dispute. If necessary, litigation strategy as to the defense of the claims and attorney impressions can be redacted.

product doctrine and, in any event, Pride has not explained the relevance of such information.

- Documents after October 26, 2016, may be withheld as privileged provided they are documented on a privilege log. Documents dated after this date that pertain to the defense of Pride's claim are work product, but documents related to the coverage dispute may be discoverable. A log will allow the parties to determine whether they will challenge the claim of privilege.
- Policies, underwriting materials, and claims handling materials before the 2015-2016 policy term are irrelevant and need not be produced.
- Pride has limited its request for reinsurance information to communications between Continental and its insurer concerning the policy year under which Pride's claim was being defended. As so limited, the request is discoverable.

As to privilege issues, the Court finds that the compromise previously reached by Continental and the Trustee was a good one. The deposition of Continental should proceed and if a privilege objection is raised, the Trustee or Pride may bring it to the Court for resolution if they disagree with it and find the information sought is worth the fight.

2. *Duration of the Continental Deposition*

Neither the Trustee nor Pride have requested more than seven hours to jointly take the deposition of Continental. For the time being, the deposition of Continental by both Pride and the Trustee shall be limited to a single day with 7 hours of questioning. See Fed. R. Civ. P. 30(d)(1). If additional time is needed and the parties are unable to reach a compromise, the plaintiffs may request relief from the Court.

3. *Deposition of Lew Campione*

LaPorte and Continental rely on the Court's order authorizing post consolidation discovery to argue that the deposition of Campione should not be allowed. The District Court, signing an Order proposed by the parties, authorized the parties to "add as witnesses, depose, and/or issue subpoenas duces tecum" to "Continental Casualty Company and/or a representative of Continental Casualty Company." (Rec. Doc. 155). The question is whether "a representative of Continental Casualty Company" means only the representative(s) designated by Continental pursuant to Rule 30(b)(6) or whether it also includes any other representative of Continental. Black's Law Dictionary defines a "representative" as "[s]omeone who stands for or acts on behalf of another." Black's Law Dictionary (11th ed. 2019). Merriam-Webster defines representative as "standing or acting for another especially through delegated authority."

By authorizing the parties to "add as witnesses, depose, and/or issue subpoenas duces tecum" to "Continental Casualty Company and/or a representative of Continental Casualty Company" the Court's Order (and apparently the parties since they proposed this exact language) contemplated the possibility of more than one deposition. It did not specify that it intended ONLY a Rule 30(b)(6) representative be deposed. By authorizing the parties to "add as witnesses, depose, and/or issue subpoenas duces tecum" to "Continental Casualty Company" the order allows them to depose Continental's Rule 30(b)(6) corporate representative. In addition, the order allows discovery from a representative of Continental. The undersigned interprets this as allowing the deposition of a Continental representative in addition to the corporate representative designated by Continental. The Trustee and Pride have selected Lew Campione and this selection makes sense: Campione clearly has relevant information. He authored the Declaration in opposition to the motion for summary judgment, which is based on his "personal knowledge" and documents

4

maintained in the ordinary course of business. (Rec. Doc. 75-2, ¶ 2) He self-identifies as the "principal claims handler with respect to the requests for coverage made by LaPorte." Id. at ¶ 3. He states he was personally involved in telephone calls with the insured in April 2016. Id. at ¶ 8. Thereafter, and based on those discussions, Campione is the individual who claims he accepted the April 2016 communication as "notice" -- a significant issue in this case. Id. at para. 9. Plaintiffs should be allowed to traverse his statements. Accordingly, the deposition of Campione shall be allowed.

Conclusion

For the foregoing reasons, the Motion for Protective Order and to Quash (Rec. Doc. 174) and the Motion for Protective Order (Rec. Doc. 181) are DENIED. The depositions of Continental and Campione shall proceed as described herein. Oral argument set for April 7, 2021, is CANCELLED.

New Orleans, Louisiana, this  6th  day of April, 2021.

_____
Janis van Meerveld
United States Magistrate Judge