UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| PRIDE CENTRIC RESOURCES, INC., formerly known as PRIDE MARKETING AND PROCUREMENT, INC.,<br>   *Plaintiffs*<br><br>VERSUS<br><br>LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.,<br>   *Defendants*<br><br>*Ref. All Cases* | CIVIL ACTION<br>NO. 19-10163<br>c/w 19-10696<br><br>SECTION: "D" (1)<br><br>JUDGE WENDY B. VITTER<br><br>MAGISTRATE JUDGE<br>JANIS VAN MEERVELD |

ORDER AND REASONS

Before the Court is the Motion for Reconsideration of Award of Sanctions filed by PRIDE Centric Resources, Inc. ("Pride"). (Rec. Doc. 217). For the following reasons, the Motion is DENIED.

Background

The present issue results from a longstanding dispute between the parties related to the deposition of defendant Continental Casualty Company ("Continental").[1] In September 2020, LaPorte and Continental filed a Motion to Quash the deposition of Continental. Following oral argument, the Court issued an Order and Reasons denying the motion, finding that "coverage information is relevant and within the scope of discovery in this matter because Pride must establish coverage at trial to prove its Direct Action against Continental and Continental has not stipulated to coverage under the 2016-2017 policy." (Rec. Doc. 69, at 8). The Court required that

---

[1] The court's October 23, 2020, ruling provides the factual background concerning the merits of the litigation and will not be recounted here. (Rec. Doc. 69).

1

the scope of the deposition was limited to "exclude discovery of non-coverage related information, except for factual information provided or discovered during the period of April 2016 through October 2016 that has not already been produced." Id. at 17-18.

After the discovery deadlines in each lawsuit had passed, the District Court consolidated the matters and reset the trial date. The Court granted the parties' joint motion for post-consolidation discovery on January 11, 2021, allowing, among other things, the parties to "add as witnesses, depose, and/or issue subpoenas duces tecum" to "Continental Casualty Company and/or a representative of Continental Casualty Company." (Rec. Doc. 155). The Court ordered that such discovery be completed by May 1, 2021. Id.

By March 2021, the Continental deposition had not yet been taken. LaPorte and Continental filed Motions for Protective Order and a Motion to Quash the corporate deposition and the deposition of Continental employee Lew Campione, the principal claims handler. On April 6, 2021, the Court denied the motions and ordered that the depositions of Continental and Mr. Campione proceed.

Continental designated Edward Ewing, a licensed attorney who did not have any personal knowledge of the coverage decisions at issue in this case, as its representative. The deposition of Mr. Ewing as Continental's designated Rule 30(b)(6) representative was taken on April 13, 2021. Following the deposition, on April 26, 2021, Pride filed a Motion to Compel and for Sanctions, arguing that Mr. Ewing was not sufficiently prepared.[2] It also filed a motion to expedite, pointing

---

[2] Pride complained that Mr. Ewing failed to inquire with any of the Continental employees involved with the coverage matter at issue. It also complained that Mr. Ewing did not search for the documents requested in Pride or FSW's deposition notices. Instead, he was provided with redacted documents by Continental's counsel. Pride complained that because Continental had not completed its supplemental privilege log by the date of the deposition, Pride was not able to question Mr. Ewing "concerning the documents withheld on the basis of alleged privilege, or the legitimacy and basis for the alleged privilege assertion." Pride also complained that the "index" or "document list" that was referred to by Mr. Ewing had not been produced. Pride further complained that Mr. Ewing was not able to fully respond to questions about the existence of an agreement with LaPorte concerning coverage.

out that the discovery deadline would pass on May 1, 2021. The Motion to Compel was marked deficient by the Clerk of Court because it did not include a Rule 37 Certificate that Pride had attempted to confer in good faith to resolve the dispute with Continental before filing the motion. Pride refiled its motion on April 28, 2021, certifying that it had conferred with Continental before the deposition, conferred via an email before the deposition to request an updated privilege log, conferred during and after the deposition on April 13, 2021, and conferred via telephone with Continental's counsel on April 27, 2021. The court set the motion for submission with oral argument on May 12, 2021.

In opposing the Motion to Compel, Continental argued, among other things, that the Motion should be denied because Pride failed to meet its obligation to confer in good faith. It argued that during the April 27, 2021, phone call between Laura Herring for Pride and Richard Simpson for Continental that lasted only nine minutes, Mr. Simpson proposed setting a time to discuss all the purported deficiencies, stated that he would consider recommending reopening the deposition for limited purposes like testifying as to the index documents, and explained that the reason that Mr. Ewing could not testify to how the documents were collected is because this was not a topic on the deposition notice. According to Continental, Ms. Herring responded only that Mr. Ewing was not an appropriate witness, that he was not prepared, and that the only remedy would be for Continental to pay all of Pride's attorney's fees in connection with the deposition, pay for the transcript, and produce a new witness for a complete do-over.

The remainder of Continental's opposition memorandum made clear that all of the issues raised by the Motion to Compel were meritless or had been resolved.[3] Pride did not file a reply memorandum or withdraw its Motion.

---

[3] Continental agreed to designate Mr. Campione as corporate representative as to his own actions, eliminating any concern about Mr. Ewing not having spoken to Mr. Campione before his deposition. Continental reported that

At oral argument the Court found that Mr. Ewing was an appropriate choice of deponent and that he was sufficiently prepared for his deposition. The court found that any additional information needed by Pride would be obtained from Mr. Campione. The court found that Mr. Ewing was not required to review privileged documents. The court further found that Pride had failed to meet its obligations to meet and confer in good faith in advance of filing of the Motion to Compel. The court denied the Motion to Compel and ordered Pride and its counsel to pay Continental $2,000 in reasonable attorneys' fees incurred in responding to the motion pursuant to Federal Rule of Civil Procedure 37(a)(5)(B), finding that the motion had not been substantially justified.

Pride filed the present Motion for Reconsideration. Pride again argues that Mr. Ewing was not a competent representative to respond to the areas of testimony set forth in Pride's deposition notice. It argues that it did not file a reply memorandum because it believed that Continental's violations were so egregious that it was not necessary. Pride argues that, to the extent the Court's decision to award sanctions was based on its failure to make a good faith effort to resolve the issues raised by its motion, it did make a good faith effort. Its cites the conversation of Ms. Herring with Mr. Simpson on April 27, 2021, where Ms. Herring asked Continental to pay Pride's costs and fees incurred with the deposition of Mr. Ewing and to hold a second deposition of an adequately

---

although Mr. Ewing did not speak to the other employees identified by Pride (Rebecca Toffolon and Erin Arnold), Mr. Ewing spoke to them after the deposition and determined that they had no recollection of the coverage decision. Further, Continental agreed to designate Mr. Campione to testify as a corporate witness as to his recollection of their involvement. Continental pointed out that Mr. Ewing was not prepared to talk about Continental's document collection efforts because that was not a topic on the notice of deposition. Continental also agreed to designate Mr. Campione to testify as corporate representative with regard to the index documents discussed during Mr. Ewing's deposition. It explained that its counsel had been unaware of the "index" documents before the deposition but had produced them afterwards (it is essentially a list of all documents in the database and Continental confirmed that all such documents had been produced or listed on a privilege log). Continental also provided a declaration of Mr. Ewing affirming that he prepared for more than 10 hours for the deposition, reviewing all of the documents Continental produced in this case and meeting multiple times with counsel. It explained that Mr. Ewing did not review privileged documents in the claims file because doing so could waive the privilege. It argued that decisions regarding whether to withhold documents as privileged was not a proper topic for a fact witness to address.

prepared corporate representative. Continental refused these requests. Pride argues that Continental has failed to show how a longer conversation might have resulted in a different outcome. It submits that Continental only agreed to produce Mr. Campione as a corporate representative regarding four of the 20 topics in its deposition notice.

Pride argues that although it may have been incorrect about whether a deponent is required to testify about topics that are not identified in the deposition notice, it did not take its position in bad faith. Pride submits it was "relying on the practice of over decades in this jurisdiction." It also points out that Topic 35 of its notice was "Identification of all documents responsive to any of the above areas of inquiry but withheld from identification or production for any reasons, including but not limited to privilege."

Pride further argues that it should not be sanctioned for failing to withdraw its motion after the filing of Continental's opposition memorandum. It submits that Continental did not offer the relief requested—that is, reimbursement for the cost of the transcript of the earlier deposition, presenting a properly prepared corporate witness for a second deposition, and presenting redacted documents to the court for in-camera inspection. It argues that its motion was substantially justified and that the award of sanctions was unjust. It asks the court to rescind the award.

Continental opposes. It argues that Pride has failed to address the high standard required on a motion for reconsideration. It argues that the declaration of Ms. Herring regarding her attempts to meet and confer do not contradict the declaration of Mr. Simpson. It points out that the phone call came only after the motion to compel was filed and Continental pointed out that Pride had failed to meet and confer. It argues that the call was nothing more than a perfunctory check-the-box gesture that reflected no real effort to resolve the dispute. Continental also opposes Pride's attempt to rehash its argument that Mr. Ewing was not a proper corporate witness and that Mr.

5

Ewing was not adequately prepared. It points out that the Court already rejected these arguments, noting that Mr. Ewing was a high level Continental official with years of experience regarding the types of issues presented here, that he had reviewed all documents produced by Continental, and that he was not required to review privileged documents. It submits that Pride fails to support its argument that there is a local practice of preparing a witness to testify about the corporation's efforts to gather documents even when the deposition notice does not list this as a topic. Continental adds that Pride has failed to acknowledge that Mr. Campione has now been deposed as to his own actions in making the coverage determination, including confirming that Ms. Toffolon and Ms. Arnold were not involved and regarding the index documents. Continental points out that the Court's award was much less than its fees incurred, which it says were $15,000. It argues that the court should impose an additional sanction on Pride in light of the burden it has faced in responding to the Motion for Reconsideration.

In reply, Pride argues that Continental was not required to file a memorandum in opposition to its Motion for Reconsideration because Pride is not challenging the court's ruling on the motion to compel and because Continental did not request its fees – the court ordered them *sua sponte*. It argues that Continental's sole interest was as a recipient of the award. Presumably Pride's argument is that Continental is therefore not entitled to additional fees to compensate for it having filed an opposition memorandum.

Pride further argues that the positions it took in its Motion to Compel were not meritless or frivolous as Continental contends. Pride insists that its motion demonstrates Continental's failure to comply with its discovery obligations. Pride counters Continental's argument that it failed to confer in good faith during the ten minute phone call by pointing out that Continental had lost two prior motions to preclude or limit the corporate deposition and insisting that Continental

presented a representative that was unprepared to testify "to many of those very areas identified by the Court as fair game."

Pride further argues that Continental should have had a representative who could testify about its document production because Topic 35 of its Deposition Notice provided "Identification of all documents responsive to any of the above areas of inquiry but withheld from identification or production for any reason, including but not limited to privilege." Pride argues that Mr. Ewing was unable to identify such documents. It notes that Continental's updated privilege log had not been produced at the time of the deposition.

Pride argues that Ms. Herring's offer during the ten minute phone call that Continental pay $2,000 for the transcript of Mr. Ewing's deposition and produce Mr. Campione as a corporate representative on all topics was a good faith attempt to resolve the parties' dispute. Pride argues that Continental's counsel Mr. Simpson refused to cooperate. Pride submits that refusing to cooperate is characteristic of Continental and its counsel since Pride has sought to obtain Continental's deposition.

Pride agrees that it cannot dictate who Continental names as its corporate representative. But it argues that Continental must produce a person capable of testifying about the information known or reasonably known to the organization. Pride argues that Continental failed to do so.

Pride also argues that its motion to compel included a motion for sanctions. It submits that a motion for sanctions does not require that the party first meet and confer. Pride further argues that the parties had already briefed and argued the issues regarding the depositions of Continental and Mr. Campione. It cites a case where a court found that the movant's failure to meet and confer before requesting sanctions was not fatal because the parties' fundamental disagreements had

already been narrowed and because a motion for sanctions under Rule 37(b) does not require the parties to meet and confer.

Pride insists that it has acted in good faith throughout the years of this litigation and in this instance. It submits that "[a]t no time has this Court so much as hinted dissatisfaction with its actions." It submits the court has not rebuked the defendants even when they have lost their motions. It submits that it has done nothing to warrant an award of sanctions and requests the order be rescinded.

Law and Analysis

1. *Standard for Motion for Reconsideration*

Federal Rule of Civil Procedure 54(b) "allows parties to seek reconsideration of interlocutory orders and authorizes the district court to 'revise[ ] at any time' 'any order or other decision ... [that] does not end the action.'" Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Fed. R. Civ. P. 54(b)) (alterations in original). The standard for a Rule 54(b) motion is not as stringent as for a Rule 59(e) motion to alter judgment. Id. "Under Rule 54(b), 'the trial court is free to reconsider and reverse its decision for any reason it deems sufficient, even in the absence of new evidence or an intervening change in or clarification of the substantive law.'" Austin v. Kroger Texas, L.P., 864 F.3d 326, 336 (5th Cir. 2017) (quoting Lavespere v. Niagara Mach. & Tool Works, Inc., 910 F.2d 167, 185 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069 (5th Cir. 1994) (reversing the trial court's ruling on a motion to reconsider its order denying the appellant leave to file a sur-reply because the trial court had used the standard of Rule 59(e)). Discovery orders are interlocutory rulings subject to reconsideration under Rule 54(b). Cook v. Flight Servs. & Sys., Inc., No. CV 16-15759, 2019 WL 2067640, at *1–2 (E.D. La. May 10, 2019).

*2. Award of Fees under Rule 37(a)(5)(B)*

If a motion to compel is denied, the Federal Rules of Civil Procedure require that the court:

> must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party or deponent who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(B). A finding of bad faith is not required. Mayes v. Simpson, No. 6:14CV811-MHS-JDL, 2016 WL 8223976, at *3 (E.D. Tex. Jan. 12, 2016). A motion is substantially justified "if there is a genuine dispute or if reasonable people could differ as to the appropriateness of the contested action]." Pierce v. Underwood, 487 U.S. 552, 565 (1988) (citations and quotation marks omitted) (alteration in original).

*3. The Award of Fees Here*

Here, the Court found that Pride's efforts to meet and confer[4] in advance of the filing of the motion were minimal. Indeed, the meeting that Pride relies on in the present motion is a ten minute phone call that was held ***after*** the motion was filed and bounced by the court's docketing system because it lacked a Rule 37 conference certificate Holding the conference after the motion was filed is enough to render the meeting insufficient. Further, the cursory nature of the call and Pride's unreasonable demand that the entire deposition be redone at Continental's cost does not demonstrate a good faith effort to reach a resolution. The declaration of Ms. Herring points out that Continental did not offer to produce Mr. Campione during the phone call and asserts that Mr. Simpson only offered to re-produce Mr. Ewing to testify regarding the index. Continental counters that Mr. Simpson made clear his willingness to discuss the matter further. A good faith discussion

---

[4] While a party may not be required to meet and confer in advance of filing a motion for sanctions under Rule 37(b) for failure to obey a discovery order, Pride was required to confer in good faith or attempt to confer prior to filing its motion to compel under Rule 37(a)(1).

requires cooperation of both parties. The court noted at oral argument that the attorneys for all parties in this case have struggled, at times, to avoid making discovery disputes personal and have frequently failed to make sufficient effort to confer in good faith. In any event, the glaring problem in this case was that Pride drafted its entire motion before attempting to meet and confer, then when the motion was marked deficient for failing to include a Rule 37 certificate, it made a quick phone call in which it appears neither side made significant effort to find a solution.

Importantly, the court also found Pride's motion was not substantially justified. Indeed, the court found that Mr. Ewing was adequately prepared. When Pride represented that Mr. Ewing had only prepared for one hour, it based this representation on testimony that the preparation meeting *at which counsel for co-defendant LaPorte, APAC, was present* lasted one hour. This testimony did not reflect the entirety of Mr. Ewing's preparation. The Court was not convinced that Mr. Ewing's failure to talk to Mr. Campione, Ms. Arnold, and Ms. Toffolon caused him to be unprepared, but in any event, Continental agreed to produce Mr. Campione to testify as a corporate representative with regard to his involvement and the involvement of Ms. Arnold and Ms. Toffolon. Pride presented no legal basis for its argument that Mr. Ewing should have reviewed privileged documents or that Mr. Ewing should have been prepared to discuss the contents of privileged documents or explain the basis for the assertion of privilege. To the extent Pride's counsel argues that he had a good faith belief that corporate deponents must be prepared to testify on topics that are not listed in the deposition notice, he has provided no support for the viability of this belief. The purpose of requiring a party to describe the areas of inquiry with reasonable particularity is so that a representative can be adequately prepared to testify as to those areas. A corporate representative cannot be expected to testify as to topics that are not designated. The court also rejects Pride's argument that Topic 35 required Continental to produce a representative

capable of testifying as to the reason documents were withheld as privileged or as to the contents of privileged documents. Continental's counsel, and not its corporate representative, is the one to speak to what information has been withheld and on what basis. Although Continental did not produce its privilege log until after the deposition, it did so on the same day as Pride's deficient motion to compel. Nonetheless Pride continued to pursue its motion by filing it again two days later.

With regard to the extent of Mr. Ewing's preparation, it was clear from Pride's briefing that its counsel was frustrated that Mr. Ewing could not testify regarding the existence of an agreement between Continental and LaPorte regarding which insurance policy term provides coverage for Pride's claims. Mr. Ewing testified he was unaware of such an agreement. Apparently, to the extent any such agreement exists, it has been withheld as privileged. While there may be a legitimate basis to challenge any such claim of privilege, filing a motion to compel and sanction a corporate representative for failing to review and speak to documents withheld as privileged is simply not the way to do so.

Compounding Pride's deficiencies in conducting a Rule 37 conference before filing a motion, and failing to conduct a *meaningful* Rule 37 conference when it finally did occur, is Pride's reaction to Continental's opposition. The opposition presented a constructive path forward on almost every one of Pride's grievances, but instead of now reaching for the phone to work out any remaining details, Pride stayed the course, appearing for a hearing in which it doubled down on positions that were no longer even valid in light of facts, arguments, law and solutions offered by Continental. The Court finds no basis to alter its prior finding that Pride's Motion to Compel and for Sanctions was not substantially justified. Accordingly, the award of fees under Rule 37(a)(5)(B) remains appropriate.

Pride challenges the fee award in its entirety. Nonetheless, the Court notes that it continues to find that the award of $2,000 is reasonable considering the amount the briefing, exhibits, and oral argument that Continental was required to engage in. Continental claims to have spent $15,000. Although the court is sympathetic to Continental's request for an additional award of fees for having to respond[5] to the Motion for Reconsideration, the Court declines to do so at this time.

Conclusion

For the foregoing reasons, Pride's Motion for Reconsideration is DENIED.

New Orleans, Louisiana, this  23rd  day of June, 2021.

                                              Janis van Meerveld
                                      United States Magistrate Judge

:

---

[5] Pride suggests that Continental was not obligated to respond. Although Pride says that it does not seek to challenge the court's ruling denying the Motion to Compel, Pride has continued to advance its position that Mr. Ewing was not properly prepared to serve as corporate representative. Fee award aside, it was reasonable for Continental to respond to the motion for reconsideration