UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

### THIS RULING APPLIES TO ALL CASES

### ORDER AND REASONS

Before the Court is Defendant LaPorte's Motion to Dismiss Trustee Claims Based on Standing, Lack of Privity, and *In Pari Delicto*.[1] Plaintiff Ronald J. Hof has filed an Opposition,[2] and LaPorte has filed a Reply.[3] After careful consideration of the parties' memoranda and the applicable law, the Court denies the Motion.

### I.   FACTUAL BACKGROUND

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW").[4] LaPorte

---

[1] R. Doc. 116.
[2] R. Doc. 117.
[3] R. Doc. 118.
[4] *See* R. Doc. 1-3 at ¶ 8. The Court notes that a Complaint was filed on May 5, 2019 in Case No. 2:19-cv-10163. A separate Complaint as well as an Amended Complaint were filed on May 29, 2019 in Case No. 2:19-cv-10696. On December 9, 2020, the cases were consolidated by this Court. On that same day, the motion before the Court was filed. A review of the complaints reflects that they detail similar facts

conducted independent audits of FSW for both 2013 and 2014.[5] Ronald Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[6] It is these allegations of professional negligence that underly the current dispute.

FSW filed for bankruptcy on May 20, 2016.[7] Plaintiff Ronald J. Hof was appointed as trustee of the debtor on October 12, 2016.[8] Hof filed a Final Report and Account on January 27, 2020.[9] As of July 14, 2020, Hof had liquidated all assets except for the malpractice claims at issue in this litigation.[10]

LaPorte now moves to dismiss Hof's claims.[11] Defendant first argues that Hof lacks standing to bring a malpractice claim against LaPorte, because the trustee has issued a final report and liquidated all assets of FSW other than this claim. As a result, LaPorte contends that Hof is essentially pursuing the claim on behalf of Pride Centric Resources, Inc. ("Pride") which has brought its own lawsuit, and such double recovery should not be allowed. In addition, LaPorte argues that the doctrine of *in pari delicto* bars recovery by Hof, because Hof has "directly admitted that FSW was acting in collusion with LaPorte to allegedly manipulate the financial statements of FSW."[12] LaPorte avers that these admissions demonstrate that FSW has "unclean

---

and claims. This Motion was originally filed in Case No. 2:19-cv-10696 and the Court refers to the Amended Complaint that was filed in that case.

[5] R. Doc. 1-3 at ¶¶ 11-12.
[6] *See generally* R. Doc. 1-3.
[7] Bankruptcy Docket No. 16-11179, R. Doc. 1.
[8] Bankruptcy Docket No. 16-11179, R. Doc. 291.
[9] Bankruptcy Docket No. 16-11179, R. Doc. 895.
[10] Bankruptcy Docket No. 16-11179, R. Doc. 907.
[11] R. Doc. 116.
[12] R. Doc. 116, though the Court notes that LaPorte does not specifically identify those "direct admissions" either in the Complaint or elsewhere.

hands" and therefore Hof should not be allowed to sue and benefit from the debtor's bad actions.

Plaintiff has filed an Opposition,[13] in which he argues that Judge Zainey has already determined that Plaintiff, as the bankruptcy trustee, has standing to bring this lawsuit.[14]  Moreover, he relies upon *Stanley v. Trinchard*[15] to contend that the Fifth Circuit has endorsed a trustee bringing malpractice lawsuits under Louisiana law.  As to LaPorte's *in pari delicto* argument, Hof argues that it is procedurally defective as the Complaint contains no allegations supporting such an argument.  Hof further argues that no evidence exists to support an *in pari delicto* defense.

LaPorte has filed a Reply.[16]  It argues that Judge Zainey's decision is not applicable as LaPorte was not a party to that decision, and important information was withheld from Judge Zainey before he ruled on Hof's standing to bring the malpractice claims at issue.  LaPorte argues that it may move to dismiss on *in pari delicto* grounds because Hof is judicially estopped from arguing that FSW did not engage in bad acts.  LaPorte cites to an adversarial proceeding against Commercial Kitchens and a demand letter to Philadelphia Insurance Company as evidence of FSW's misdeeds on which LaPorte premises its *in pari delicto* argument.

---

[13] R. Doc. 117.
[14] Judge Zainey was the district judge in the appeal from bankruptcy court, Case No. 18-cv-8836.
[15] 500 F.3d 411, 420-21 (5th Cir. 2007).
[16] R. Doc. 172.

## II.    LEGAL STANDARD

It is well-settled in this Circuit that motions to dismiss under Fed. R. Civ. P. 12(b)(6) are viewed with disfavor and are rarely granted.[17] To overcome a defendant's motion to dismiss, a plaintiff must plead a plausible claim for relief.[18] A claim is plausible if it is pleaded with factual content that allows the court to reasonably infer that the defendant is liable for the misconduct alleged.[19] But, no matter the factual content, a claim is not plausible if it rests on a legal theory that is not cognizable.[20] In ruling on a motion to dismiss, the Court accepts all well-pleaded facts as true and views those facts in the light most favorable to the plaintiff.[21] However, the allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the complaint's allegations are true.[22] "[C]onclusory allegations or legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss."[23] In deciding a Rule 12(b)(6) motion to dismiss, a court is generally prohibited from considering information outside the pleadings, but may consider documents outside of the complaint when they are: (1) attached to the motion; (2) referenced in the complaint; and (3) central to the plaintiff's claims.[24] The

---

[17] *Financial Acquisition Partners LP v. Blackwell*, 440 F.3d 278, 286 (5th Cir. 2006) (quoting *Lowrey v. Tex. A & M Univ. Sys.*, 117 F.3d 242, 247 (5th Cir. 1997)).
[18] *Romero v. City of Grapevine, Tex.*, 888 F. 3d 170, 176 (5th Cir. 2018) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).
[19] *Edionwe v. Bailey*, 860 F.3d 287, 291 (5th Cir. 2017) (citing *Iqbal*, 556 U.S. at 678).
[20] *Shandon Yinguang Chem. Indus. Joint Stock Co., Ltd. v. Potter*, 607 F. 3d 1029, 1032 (5th Cir. 2010) (per curiam).
[21] *Midwest Feeders, Inc. v. Bank of Franklin*, 886 F.3d 507, 513 (5th Cir. 2018).
[22] *Bell Atlantic v. Twombly*, 550 U.S. 544, 545 (2007).
[23] *Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002) (internal citations omitted).
[24] *Maloney Gaming Mgmt., LLC v. St. Tammany Parish*, 456 Fed.Appx. 336, 340-41 (5th Cir. 2011).

Court can also take judicial notice of matters that are of public record, including pleadings that have been filed in a federal or state court.[25]

### III.   ANALYSIS

#### A.   Standing

The first issue before the Court is whether Hof has standing to bring a malpractice claim against LaPorte now that a final report has issued.  LaPorte argues that the claim would solely benefit FSW's creditors, and that the only creditor with a cause of action against LaPorte—Pride—is already separately bringing a claim.  The parties agree that the Court must look to Louisiana law.

Judge Zainey issued a previous ruling on this issue which the Court can take judicial notice of.[26]  Judge Zainey acknowledged:

> Whether the bankruptcy estate or a creditor can pursue a state law claim against a third party—and concomitantly whether the automatic stay provided by § 362(a) applies to the claim—is a recurring issue in bankruptcy law. *In re Buccaneer Res., LLC*, 912 F.3d 291, 293 (5th Cir. 2019) (citing *Seven Seas Petrol.*, 522 F.3d at 575). If a claim belongs to the estate, then the bankruptcy trustee has exclusive standing to assert it. *Seven Seas Petrol.*, 522 F.3d at 584 (citing *Educ. Grp. Health Trust*, 25 F.3d at 1283). However, the trustee has no right to bring claims that belong solely to the estate's creditors. *Id.* (citing *Caplin v. Marine Mid. Grace Trust Co.*, 406 U.S. 416, 92 S.Ct. 1678, 32 L.Ed.2d 195 (1972)).

Judge Zainey then found that the Louisiana statute at issue "unambiguously grants the party with contractual privity (in this case the debtor, FSW) a cause of action for its injuries under [La. R. S.] § 37:91(B)(1)."[27]  Stated differently, Judge Zainey

---

[25] *In re American Intern. Refinery*, 402 B.R. 728, 749 (W.D. La. 2008) (citing *Cisco Systems, Inc. v. Alcatel USA, Inc.,* 301 F. Supp. 2d 599, 602 n.3 (E.D. Tex. 2004)).
[26] *In re FoodServiceWarehouse.com, LLC*, 601 B.R. 396 (E.D. La. 2019).
[27] *Id.* at 407.

explicitly found that Hof, as trustee for the debtor, FSW's, estate, had standing to assert the claims at issue. That opinion also rejected the concept that Hof could assert Pride's claims—or vice versa—simply because they arose from the same purportedly deficient accounting work. Indeed, Judge Zainey correctly noted that "The statute clearly envisions a cause of action owned by the party with contractual privity (§ 37:91(B)(1)) and a cause of action owned by parties without contractual privity who can satisfy the standing criteria of § 37:91(B)(2)."[28]

LaPorte's attempts to resist Judge Zainey's reasoning are unpersuasive. First, LaPorte argues that it is improper to consider Judge Zainey's ruling since LaPorte was not a party to the proceeding and did not have an opportunity to participate in the proceeding or brief the issues. Because LaPorte was not a party at the time of the prior motion, Laporte asserts that this Court is not bound by Judge Zainey's decision. The Court recognizes LaPorte's argument that collateral estoppel does not apply in the present case due to LaPorte not being in privity with the parties in the proceeding before Judge Zainey.[29] Nonetheless, the Court adopts Judge Zainey's finding that Hof, as Trustee serving in the place of the debtor, has standing based on La. R. S. § 37:91(B)(1) which "unambiguously grants the party with contractual privity (in this case the debtor, FSW) a cause of action for its injuries" under the statute.[30]

---

[28] *Id.* at 408.
[29] *Hardy v. Johns-Manville Sales Corp.*, 681 F.2d 334 (5th Cir. 1982).
[30] *In re FoodServiceWarehouse.com, LLC*, 601 B.R. at 407. As noted previously, the Court has the ability to take judicial notice of matters that are of public record in federal or state court. *See In re American Intern. Refinery*, 402 B.R. at 749 (citing *Cisco Systems, Inc.*, 301 F. Supp. 2d at 602).

LaPorte further argues that Judge Zainey's decision should not be followed since "Judge Zainey was not apprised of relevant information" because the briefing before Judge Zainey did not disclose "that Pride and FSW were essentially operating as a single entity, everything was commingled, including funding and money from the rebates."[31]  As an initial matter, this statement is unsupported in the briefing for the instant Motion.  LaPorte instead seems to ask the Court to marshal documents outside of the pleadings and filed in support of other Motions in considering this argument.  At any rate, the argument fails on its own terms.  The interrelatedness of Pride and FSW—an issue the Court notes is hotly disputed in this litigation—is relevant to the instant Motion only insomuch as it relates to ownership of the accounting malpractice claim, as discussed below.

LaPorte next argues that Judge Zainey's opinion actually supports its argument, as circumstances have changed since that opinion was issued.  LaPorte argues that because the only creditors remaining are Pride members, the suit is, in effect, for the benefit of Pride, which was not in privity with LaPorte under La. R.S. 37:91.  LaPorte asks the Court to "look beyond the technicalities of the law" and find that Hof is actually asserting its malpractice claim on Pride's behalf.[32]  LaPorte acknowledges that no formal discharge from bankruptcy protection has been ordered.[33]  Instead, LaPorte asserts that the Trustee's final report has "effectively achieved" a discharge and, thus, the only parties that would benefit from pursuit of

---

[31] R. Doc. 118 at 3.
[32] R. Doc. 118 at 5.
[33] R. Doc. 118.

these claims are the remaining creditors, namely Pride. As Hof correctly points out in his briefing, the question is not who would incidentally benefit from the recovery of a claim, but who owns the claim at issue. As Judge Zainey previously found, Hof owns the accounting malpractice claim central to this case. Further, as the Fifth Circuit held in *Stanley v. Trinchard*, "[t]he trustee of a debtor's bankruptcy estate may pursue any claims that are property of the bankruptcy estate" including a malpractice claim.[34]

LaPorte seeks to distinguish *Stanley* on the grounds that in that case a trustee sought to bring a legal malpractice claim against the bankrupt party's former attorney and that Louisiana legal malpractice law allowed the case to proceed. However, no specific state law is necessary for a malpractice claim to proceed in bankruptcy. In *Stanley*, the Fifth Circuit determined that any state law that would purport to prevent a bankruptcy trustee from bringing a cause of action owned by the debtor "would not prevail."[35] As the Fifth Circuit explained "it has long been established that federal bankruptcy law determines the scope of a debtor's bankruptcy estate and that the bankruptcy estate includes any 'cause of action belonging to the debtor at the time the [bankruptcy] case is commenced.'"[36] Here, as discussed above, Hof owns the accounting malpractice claim central to this case and thus has the right to pursue it as a claim of the bankruptcy estate.

---

[34] 500 F.3d 411, 418 (5th Cir. 2007).
[35] *Id.* at 425; *see also Id.* at 518-519 (holding that "bankruptcy law…takes precedence over state laws under the Supremacy Clause U.S. Const., art. VI").
[36] *Id.*, citing *In re Segerstrom*, 247 F.3d 218, 223-224 (5th Cir. 2001).

### B.     *In Pari Delicto.*

LaPorte next argues that Hof's claims are barred by *in pari delicto*. Louisiana courts recognize this defense, and have described it as "a corollary of the 'unclean hands' doctrine [and] a mechanism by which a plaintiff is precluded from recovery as a result of plaintiff's own participation in the tortious conduct."[37]

LaPorte contends that Hof's claims are barred by *in pari delicto* because Hof previously admitted that FSW was acting in collusion with LaPorte to allegedly manipulate the financial statements of FSW.[38] Thus, allowing Hof to proceed with the lawsuit enables Hof and its creditors to benefit from their own bad actions.[39]

In response, Hof argues that *in pari delicto* operates merely as an affirmative defense and cannot preclude a Trustee's standing to bring a claim unless it appears on the face of the pleadings.[40] Hof contends that here, evidence of *in pari delicto* does not appear in the pleadings, and that furthermore, LaPorte fails to cite any evidence of unlawful or inequitable conduct that is unconscionable in character, as required when pleading *in pari delicto*.[41] In its reply, LaPorte asserts that the principle of judicial estoppel prevents Hof from denying factual admissions of misconduct by FSW officers and directors that were previously admitted in prior proceedings brought by the Trustee.[42] In the Fifth Circuit, *in pari delicto* operates as an affirmative defense

---

[37] *Cole v. Mitchell*, 73 So.3d 452, 457 (La. App. 2 Cir. 2011).
[38] R. Doc. 116 at 5.
[39] R. Doc. 116 at 5-6.
[40] R. Doc. 117 at 5.
[41] R. Doc. 118 at 6.
[42] R. Doc. 118 at 6-7.

to a claim's merits and does not preclude a Trustee's standing to bring a claim.[43] An analysis of standing does not include an analysis of equitable defenses, such as *in pari delicto*. Whether a party has standing to bring claims and whether a party's claims are barred by an equitable defense are two separate questions, to be addressed on their own terms.[44]

This Court has repeatedly recognized the well-established rule that dismissal based upon an affirmative defense, such as *in pari delicto*, pursuant to Rule 12(b)(6) can only occur if the "affirmative defense appears on the face of the pleadings."[45] "Face of the pleadings" refers to the complaint filed by the *plaintiff*, separate and distinct from whether a defendant has properly pled the affirmative defense.[46] Rule 12(b)(6) analysis does not permit the court to evaluate facts beyond that which is apparent on the face of the complaint.[47]

Here, LaPorte fails to cite a single allegation in Hof's amended complaint in support of its Motion to Dismiss. Instead, it directs the Court to separate proceedings as well as evidence used to reach a settlement with officers and directors of FSW. As the Fifth Circuit has held, this Court is limited to the complaint when conducting

---

[43] *In re IRS Financial Corp.*, No. 02–39553, 2007 WL 1308321 (Bankr. S.D. Tex. May 3, 2007), *citing Schertz-Cibolo-Universal City Indep. Sch. Dist. v. Wright* (*In re Educators Group Health Trust*), 25 F.3d 1281, 1286 (5th Cir. 1994)).
[44] *See Hanover Corp. v. Beckner*, 211 B.R. 849, 856-59 (M.D. La. 1997); *see also Babin v. Caddo E. Estates I, Ltd.*, 496 B.R. 804, 811 (E.D. La. 2013) ("[t]hat the defendant may have a valid defense on the merits of a claim brought by the debtor goes to the resolution of the claim, not the ability of the debtor to assert the claim.").
[45] *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (quoting *Kansa Reins. Co. v. Cong. Mortg. Corp. of Tex.*, 20 F.3d 1362, 1366 (5th Cir. 1994)).
[46] *See Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982).
[47] *Walch v. Adjutant Gen.'s Dep't of Texas*, 533 F.3d 289, 293 (5th Cir. 2008) (finding "[t]he Rule 12(b)(6) analysis is generally confined to a review of the complaint and its proper attachments).

Rule 12(b)(6) analysis of a Motion to Dismiss under *in pari delicto*. Thus, LaPorte's attempt to dismiss Hof's claim under *in pari delicto* are denied.

IV.     **CONCLUSION**

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss is **DENIED**.

New Orleans, Louisiana, August 24, 2021.

                                                          *Wendy B Vitter*
                                                          **WENDY B. VITTER**
                                                          **UNITED STATES DISTRICT JUDGE**