UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

**THIS RULING APPLIES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Defendant LaPorte's Motion for Summary Judgment on Causation and Reliance.[1] Plaintiff Ronald J. Hof has filed an Opposition,[2] and LaPorte has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

### I.     FACTUAL BACKGROUND

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW").[4] The agreement between LaPorte and FSW was described in two engagement letters signed by both

---

[1] R. Doc. 111-1.
[2] R. Doc. 112.
[3] R. Doc. 113.
[4] *See* R. Doc. 1-3 at ¶ 8.

parties.[5] LaPorte conducted independent audits of FSW for both 2013 and 2014.[6] LaPorte delivered FSW the results of the 2013 audit report on September 12, 2014 and delivered the 2014 audit report on October 13, 2015.[7] Ronald J. Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[8] It is these allegations of professional negligence that underly the current dispute.

FSW filed for bankruptcy on May 20, 2016.[9] Plaintiff Hof was appointed as trustee of the debtor on October 12, 2016.[10] Hof filed a Final Report and Account on January 27, 2020.[11] As of July 14, 2020, Hof had liquidated all assets except for the malpractice claims at issue in this litigation.[12]

LaPorte now moves for summary judgment.[13] LaPorte argues there is no evidence to support Hof's claim against LaPorte for negligence. Specifically, LaPorte alleges that Hof cannot establish that LaPorte's acts or omissions were the cause-in-fact or legal cause of Hof's damages and that the testimony and affidavit of Pride CEO and FSW board member, Robert Autenreith, establishes that FSW does not attribute any of its alleged damages to LaPorte.[14] In addition, LaPorte also argues that it is not liable to Hof for detrimental reliance under Louisiana law.

---

[5] R. Doc. 1-3 at ¶ 10.
[6] R. Doc. 1-3 at ¶¶ 11-12.
[7] *Id.*
[8] *See generally id.*
[9] Bankruptcy Docket No. 16-11179, R. Doc. 1.
[10] Bankruptcy Docket No. 16-11179, R. Doc. 291.
[11] Bankruptcy Docket No. 16-11179, R. Doc. 895.
[12] Bankruptcy Docket No. 16-11179, R. Doc. 907.
[13] R. Doc. 111-1.
[14] The Court is aware that there is a pending Motion to Strike Affidavit and for Sanctions, fully briefed, filed by Hof, R. Doc. 204. Prior to issuing the instant Order, the Court reviewed the briefing on that

Plaintiff has filed an Opposition,[15] in which he argues that FSW relied on LaPorte's 2013 and 2014 audit reports when embarking on an accelerated growth plan. Hof also argues that the material statements made in Mr. Autenreith's affidavit do not meet the reliability threshold of Rule 56 for admissibility and thus cannot be considered evidence establishing a lack of causation for summary judgment purposes. In response to LaPorte's argument regarding detrimental reliance under Louisiana law, Hof notes that it has not brought a detrimental reliance claim against LaPorte.

LaPorte has filed a Reply.[16] It argues that Mr. Autenreith's affidavit is based on personal knowledge because as CEO of Pride and a founding member of FSW, he was a corporate officer and thus is presumed to have personal knowledge of the acts of the corporation.

## II.  LEGAL STANDARD

Summary judgment is appropriate where there is no genuine disputed issue as to any material fact, and the moving party is entitled to judgment as a matter of law.[17] When assessing whether a dispute regarding any material fact exists, the Court considers "all of the evidence in the record but refrain[s] from making

---

motion. The Court has determined that it need not address whether Mr. Autenreith's affidavit is consistent with his deposition testimony in order to rule on this motion. Indeed, if there are any conflicts between the deposition testimony and affidavit, such a determination requires an assessment of credibility and weighing of evidence, which is inappropriate in an analysis on a motion for summary judgment. Thus, the affidavit remains evidence in the record. A ruling on the Motion to Strike Affidavit and for Sanctions will be issued contemporaneously with the ruling on this motion.
[15] R. Doc. 112.
[16] R. Doc. 113.
[17] Fed. R. Civ. P. 56; *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986).

credibility determinations or weighing the evidence."[18] While all reasonable inferences must be drawn in favor of the nonmoving party, a party cannot defeat summary judgment with conclusory allegations, unsubstantiated assertions or "only a scintilla of evidence."[19] Instead, summary judgment is appropriate if a reasonable jury could not return a verdict for the nonmoving party.[20]

If the dispositive issue is one on which the moving party will bear the burden of proof at trial, the moving party "must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial."[21] The non-moving party can then defeat summary judgment by either submitting evidence sufficient to demonstrate the existence of a genuine dispute of material fact, or by "showing that the moving party's evidence is so sheer that it may not persuade the reasonable fact-finder to return a verdict in favor of the moving party."[22] If, however, the nonmoving party will bear the burden of proof at trial on the dispositive issue, the moving party may satisfy its burden by merely pointing out that the evidence in the record is insufficient with respect to an essential element of the nonmoving party's claim.[23] The burden then shifts to the nonmoving party who must go beyond the pleadings and, "by her own affidavits, or by the 'depositions, answers to

---

[18] *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398-99 (5th Cir. 2008) (citations omitted).
[19] *Id.* (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994)) (internal quotation marks omitted).
[20] *Delta & Pine Land Co.*, 530 F.3d at 399 (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)).
[21] *International Shortstop, Inc. v. Rally's, Inc.*, 939 F.2d 1257, 1264-65 (5th Cir. 1991).
[22] *Id.* at 1265.
[23] *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'"[24]

## III. ANALYSIS

### A. Causation and Reliance

The first issue before the Court is whether there is sufficient evidence to support Hof's claim against LaPorte for negligence. LaPorte contends that Mr. Autenreith's affidavit indicates that FSW did not rely on LaPorte's 2013 and 2014 audit reports when making the financial decisions that ultimately landed the company in bankruptcy. Hof argues that multiple witnesses refute Mr. Autenreith's account of how FSW management made financial decisions and that Mr. Autenreith's statements are not supported by his own personal knowledge.[25] In response, LaPorte counters that Mr. Autenreith's statements all stem from his personal experience as an FSW official and board member.

When considering a motion for summary judgment, courts are to construe all facts and make inferences in the light most favorable to the nonmoving party.[26] Louisiana courts have adopted a duty-risk analysis in determining whether to impose liability under the general negligence principles of Louisiana Civil Code article 2315. Under Louisiana's duty-risk analysis, a plaintiff asserting a negligence claim must establish:

---

[24] *Celotex Corp.*, 477 U.S. at 324 (quoting Fed. R. Civ. P. 56(e)).
[25] Hof contends that Mr. Autenreith's affidavit is rife with statements unsupported by his personal knowledge and containing legal conclusions. The question of whether Mr. Autenreith's statements are supported by personal knowledge or constitute legal conclusions is an issue outside of the scope of the present motion for summary judgment and the Court deems the issue irrelevant to its decision herein.
[26] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citing *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir. 2005)).

> (1) proof that the defendant had a duty to conform his conduct to a specific standard (the duty element); (2) proof that the defendant's conduct failed to conform to the appropriate standard (the breach element); (3) proof that the defendant's substandard conduct was a cause-in-fact of the plaintiff's injuries (the cause-in-fact element); (4) proof that the defendant's substandard conduct was a legal cause of the plaintiffs injuries (the scope of liability or scope of protection element); and (5) proof of actual damages (the damages element).[27]

All of the elements must be satisfied in order to impose liability.[28] Courts must first consider the cause-in-fact element of the test.[29] "Cause-in-fact usually is a 'but for' inquiry which tests whether the accident would or would not have happened but for the defendant's substandard conduct."[30] An action is the cause-in-fact of an injury, if it is a "substantial factor" in bringing about the harm.[31] Louisiana courts have held that cases involving a question of negligence are "ordinarily not appropriate for summary judgment."[32] "The determination of whether negligence exists in a particular case is a question of fact, as is the determination of whether an action is the cause-in-fact of the injury.[33]

Here, the question of whether LaPorte's 2013 and 2014 audit reports were a cause-in-fact of the damages suffered by FSW is a question of fact. LaPorte argues the audit reports had no impact on FSW's business decision to rapidly expand its business operations and cites an affidavit from former Pride CEO and FSW board

---

[27] *Boykin v. Louisiana Transit Co.*, 96–1932 (La.3/4/98); 707 So.2d 1225, 1230.
[28] *See Richard v. Swiber*, 98–1515 (La.App. 1 Cir. 9/24/99); 760 So.2d 355, 359.
[29] *Id.*
[30] *Id.*
[31] *Id.*
[32] *Freeman v. Teague*, 37,932, p. 4 (La.App. 2 Cir. 12/10/03), 862 So.2d 371, 373.
[33] *Id.; see also Westchester Fire Ins. Co. v. Haspel–Kansas Inv. P'ship*, 342 F.3d 416, 420 (5th Cir. 2003)) (citing *Lasyone v. Kansas City Southern Railroad*, 786 So.2d 682, 691 (La.2001); *Adams v. Traina*, 830 So.2d 526, 533 (La.App. 2 Cir.2002)).

member Robert Autenreith as evidence that FSW did not rely on LaPorte's audit reports when making decisions.

While Mr. Autenreith's affidavit indicates that FSW acted without any reliance on LaPorte's 2013 audit report statements, it is directly refuted by deposition testimony provided by Madhu Natarajan, former CEO of FSW, as well as Kevin Bouma, a former FSW board member, who state that FSW decided to pursue its plan of growth after the receipt of LaPorte's 2013 audit, which revealed FSW to be financially sound, and did so in reliance on that 2013 audit report.[34]

Similarly, LaPorte relies on Mr. Autenreith's affidavit to prove FSW did not rely on LaPorte's 2014 audit report when it decided to continue executing its growth plan in 2015. Mr. Autenreith's affidavit states that FSW was already aware of its financial problems before LaPorte delivered its 2014 audit report and thus did not rely on the report when making the decision to continue its growth strategy. Hof counters that Mr. Autenreith's affidavit statement is directly contradicted by Mr. Natarajan's deposition testimony, Mr. Bouma's deposition testimony, and former FSW executive Michael Bell's deposition testimony, all of which state that FSW's board and management continued to make significant expenditures to support the company's growth plan because LaPorte's 2014 audit report revealed the company to be financially sound.[35]

---

[34] R. Doc. 112-1, ¶ 2 and 3 (citing Exhibit A. Natarajan Deposition, p. 63, ¶ 11-13, p. 64. ¶¶ 12-17, and p. 65, ¶¶ 1-3 and Exhibit E, Bouma Deposition, p. 87, ¶ 15-25).
[35] R. Doc. 112-1 (citing Exhibit A, Natarajan deposition, p. 171, ¶¶ 8-14 and p. 167, ¶ 24, Exhibit E, Bouma deposition, p. 161, ¶¶ 23-25, p. 162, ¶ 8 and Exhibit F, Bell deposition, p. 117, ¶¶ 7-18).

When considering a motion for summary judgment, courts are to construe all facts and make inferences in the light most favorable to the nonmoving party.[36] The Fifth Circuit resolves controversies in favor of the nonmoving party when there is an actual controversy, that is, when both parties have submitted evidence of contradictory facts.[37] It is not the court's role at the summary judgment stage to weigh the evidence or evaluate witness credibility, but only to rule when the critical evidence in support of the nonmovant is so weak and tenuous that it could not support a judgment in their favor.[38] When affidavits and exhibits present a choice of reasonable inferences, such inferences must be viewed in the light most favorable to the party opposing the motion for summary judgment.[39]

Here, LaPorte and Hof have provided contradictory sets of facts regarding FSW's reliance on LaPorte's 2013 and 2014 audit report, each supported by affidavits and deposition testimony. Courts must construe "all facts and inferences in the light most favorable to the nonmoving party," in this case Hof.[40] Whether this evidence is enough to constitute LaPorte's negligence or to show its audit reports were a cause-in-fact of FSW losses is a disputed material fact to be resolved by the jury. Thus, LaPorte's Motion for Summary Judgment on Causation and Reliance must be denied.

---

[36] *Cooper Tire & Rubber Co. v. Farese*, 423 F.3d 446, 454 (5th Cir. 2005) (citing *Murray v. Earle*, 405 F.3d 278, 284 (5th Cir.2005)).
[37] *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994).
[38] *Id.*; *Boudreaux v. Swift Transp. Co.*, 402 F.3d 536, 540 (5th Cir. 2005); *see Harrison v. Parker*, 31,844 (La.App. 2d Cir.5/5/99), 737 So.2d 160.
[39] *Tucker v. Northeast Louisiana Tree Service,* 27,768 (La.App. 2d Cir.12/6/95), 665 So.2d 672; *Schroeder v. Bd. of Supervisors of Louisiana State Univ.*, 591 So.2d 342 (La.1991).
[40] *Haynes v. United States*, 760 F. App'x 324, 326 (5th Cir. 2019) (quoting *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010)).

### B.     Detrimental Reliance

LaPorte next argues that it is not liable to Hof for detrimental reliance under Louisiana law. In response, Hof states that it has not brought a detrimental reliance claim against LaPorte. Because Hof has not brought a claim for detrimental reliance under Louisiana law, LaPorte's Motion for Summary Judgment on detrimental reliance is denied.

### IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment on Causation and Reliance (R. Doc. 111) is **DENIED**.

**IT IS FURTHER ORDERED** that Ronald J. Hof, Trustee's Motion to Strike and for Sanctions (R. Doc 204) is **DENIED**.

New Orleans, Louisiana, September 17, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**