UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

**THIS RULING APPLIES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Plaintiff Pride's *Motion in Limine* to Exclude Accountancy Review Panel Report.[1] Defendant LaPorte has filed an Opposition.[2] Plaintiff Pride has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

**I.    FACTUAL BACKGROUND**

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW") as well as Pride Marketing and Procurement, Inc. ("Pride").[4] LaPorte conducted independent audits

---

[1] R. Doc. 98.
[2] R. Doc. 127.
[3] R. Doc. 141.
[4] *See* R. Doc. 1-3 at ¶ 8.

of FSW and Pride for both 2013 and 2014.[5] Both Hof and Pride filed separate complaints against LaPorte with the Louisiana Accountancy Review Panel. Both alleged that LaPorte's negligent 2013 and 2014 audit reports caused their respective financial difficulties. It is these allegations of professional negligence that underly the current dispute.

On October 14, 2016, Pride filed its Application for an Accountancy Review Panel (the "Panel") to be convened and review its claims against LaPorte.[6] Rodney Seydel, Jr. served as the Panel's attorney chair, and Pride selected Jessica H. Broadway as a Panel member.[7] LaPorte then selected J. Thomas Simms as a Panel member.[8] Ms. Broadway and Mr. Simms then selected William D. Mercer as the third and final Panel member.[9] On March 7, 2019, the Panel issued its decision, finding that LaPorte "complied with generally accepting auditing standards with respect to the audit of [Pride] for the years ending December 31, 2013 and December 31, 2014."[10]

Pride now moves to exclude the Pride Accountancy Review Panel Report.[11] Pride argues that the Panel was corrupted because Panel member, J. Thomas Simms, served on both the FSW accountancy review panel as well as the Pride accountancy review panel. Pride also alleges that the Panel's opinion is inadmissible because it failed to provide written reasons for its opinion and fails to meet the standards for admissible testimony under *Daubert*.

---

[5] *Id.* at ¶¶ 11-12.
[6] R. Doc. 98.
[7] *Id.*
[8] *Id.*
[9] *Id.*
[10] R. Doc. 98, Exhibit A.
[11] R. Doc. 98.

LaPorte has filed an Opposition.[12] LaPorte argues that the Panel Opinion is admissible under Louisiana law and that Pride had the opportunity to provide any materials for the Panel to review.

Pride has filed a Reply.[13] Pride reiterates its earlier arguments and claims that LaPorte failed to disclose an email in which a LaPorte auditor described FSW's financial books and records as "garbage."[14]

## II. LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[15] Rule 702, which governs the admissibility of expert testimony,[16] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) The testimony is based on sufficient facts or data;
> > (c) The testimony is the product of reliable principles and methods; and
> > (d) The expert has reliably applied the principles and methods to the facts of the case.[17]

---

[12] R. Doc. 127.
[13] R. Doc. 141.
[14] *Id.*
[15] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[16] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).
[17] Fed. R. Evid. 702.

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[18] and *Kumho Tire Co. v. Carmichael.*[19] The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter.[20] After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[21] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[22]

### III. ANALYSIS

Before considering Plaintiff's *Daubert* challenge, the Court first addresses the threshold question of whether the Panel's opinion must be admitted pursuant to Louisiana law, notwithstanding the Plaintiff's *Daubert* challenge.[23] Louisiana law provides that: "Any report of the expert opinion reached by the public accountant review panel *shall be* admissible as evidence in any action subsequently brought by claimant in a court of law, but such expert opinion shall not be conclusive and either party shall have the right to call, at his cost, any member of the public accountant review panel as a witness."[24] In short, Louisiana law by its plain text expressly

---

[18] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[19] 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
[20] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[21] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[22] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[23] The parties note, and the Court is aware, that it also addressed and ruled on this question in response to a Motion *in Limine* filed in the consolidated case, 19-cv-10696. The court issues its Order in this case based on its analysis of the facts of this case.
[24] La. R.S. 37:120 (emphasis added).

requires the Court to admit the Panel's opinion, notwithstanding Plaintiff's *Daubert* attack. Indeed, other courts have found that identical language of a similar statute dealing with a Medical Review Panel Opinion[25] is dispositive and shields the Panel's Opinion from exclusion under *Daubert*.[26] Plaintiff contends that the Panel's Opinion violates the statutory language and must be struck as the Panel failed to issue any written reasons when it rendered its opinion. Plaintiff relies on the language of La. R.S. 37:119 which states that "the panel shall, […] render one or more of the following opinions, which shall be in writing and signed by the panelists, together with written reasons for the panel's conclusions."[27] Defendant LaPorte distinguishes the case relied upon by Plaintiff, *Adams v. Kern*,[28] and further asserts that the Panel's signed written opinion satisfied the statute as it expressly states that the Panel "reviewed the evidence submitted by the parties and based upon review of that evidence" provides its Opinion.[29]

As noted, this Court has already previously admitted a related Accountancy Review Panel opinion, specifically the FSW Accountancy Review Panel's Opinion regarding LaPorte's 2013 and 2014 audit reports of FSW.[30] For the reasons stated there and incorporated herein, and following a review of the facts of this case, the

---

[25] La. R.S. 40:1231.8(H).
[26] *Dade v. Clayton*, No. 12-680, 2013 WL 6145710, at *3 (W.D. La. May 10, 2013); *Paz v. Our Lady of Lourdes Med. Ctr.*, No. 01-2693, 2005 WL 6201454, at *1 (W.D. La. Feb. 28, 2005); *Logan v. Schwab*, No. 2014-CA-0591, 2015 WL 4093911, at *4 (La. App. 4 Cir. July 7, 2015), *rev'd on other grounds*, 193 So. 3d 118 (La. 2016).
[27] La. R.S. 37:119.
[28] 08-140 (La. App. 5 Cir. 06/19/08); 987 So.2d 879, 884.
[29] R. Doc. 127; *see also* R. Doc. 127, Exhibit C.
[30] R. Doc. 152 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

Court finds that the Accountancy Review Panel's Opinion regarding LaPorte's 2013 and 2014 audits of Pride complies with and is admissible under Louisiana law.[31]

Although Louisiana law requires admission of the Panel Opinion, and the Court has found the Panel's opinion to comply with the law, the Court further considers Plaintiff's *Daubert* challenge seeking to exclude the Panelists' testimony on the merits.[32] Here, Pride does not challenge the qualifications or expertise of the Panelists. Rather, the thrust of Plaintiff's argument is that the Panelists' testimony should be limited or excluded because LaPorte "sandbagged" Pride during discovery and withheld an email sent before the issuance of LaPorte's 2014 audit report of Pride in which a LaPorte auditor described the financial books and records of FSW as "garbage."[33] Notably, Plaintiff fails to cite the source of the email or provide a copy of it. When asked during his deposition about the email, Panel member Mr. Simms stated that he did not recall viewing it, but admitted that the email would have been something he wanted to know.[34] Notwithstanding the withheld email, the Panel reviewed hundreds of pages of documents regarding LaPorte's 2013 and 2014 audits of Pride, all submitted by both Pride and LaPorte.[35] Importantly, Mr. Simms has testified that he believes the Panel had enough evidence at the time their opinion was rendered to support the conclusion.[36]

---

[31] *Id.*

[32] Other courts that have found a similar Louisiana statute dispositive have also proceeded to consider a *Daubert* motion on the merits. *See Dade v. Clayton*, 2013 WL 6145710, at *3; *Paz v. Our Lady of Lourdes Med. Ctr.*, 2005 WL 6201454, at *1; *Logan v. Schwab*, 2015 WL 4093911, at *4.

[33] R. Doc. 141. The Court notes that counsel has never sought sanctions for any alleged discovery violations.

[34] Simms deposition at p. 59, 60.

[35] R. Doc. 127.

[36] *Id.*

Given this testimony and the number of documents reviewed by the Panel, the Court finds that the Panel's report and testimony is based on sufficient facts and data and involves reliable principles such that it passes muster under Federal Rule of Evidence 702. The Fifth Circuit has determined it is the role of the adversarial system, not the court, to highlight weak evidence.[37] Accordingly, at trial, Plaintiff may instead use the information that it argues merits exclusion of the Panelists' Opinion in vigorous cross-examination to undermine the Panel Opinion, as is the default practice in our adversary system.[38] Plaintiff also asserts that LaPorte failed to disclose that it had "seeded the Pride panel with a panel member from the FSW panel" thus corrupting and contaminating the panel.[39] Plaintiff fails to provide any evidence of corruption or contamination, save for the participation of one member on both a panel for FSW and for Pride. That member of the Panel has been deposed and Plaintiff has had the opportunity to question him regarding any contamination. No evidence has been provided that Mr. Simms provided any information to the panelists from one audit regarding any information regarding the information of conclusions from the separate panel.[40] Instead, Mr. Simms testified that he did not discuss the FSW panel opinion or evidence with the Pride panel members.[41] The Court finds no merit in Plaintiff's claim that the fact that both panels had a panel member in

---

[37] *Primrose Operating*, 382 F.3d at 562.
[38] *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579, 596 (1993) ("Vigorous cross-examination, presentation of contrary evidence, and careful instruction on the burden of proof are the traditional and appropriate means of attacking shaky but admissible evidence.").
[39] R. Doc. 141.
[40] The Court notes that Pride has not deposed or questioned either of the two other Panel members regarding Mr. Simms' participation on both panels.
[41] R. Doc 127, Exhibit D, Simms Deposition at p. 52.

common, without anything more in support, is sufficient to support striking the Panel's Opinion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Pride *Motion in Limine* to Exclude Accountancy Review Panel Report is **DENIED**.

New Orleans, Louisiana, September 30, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**