UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

**THIS RULING APPLIES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Defendant LaPorte's Motion *in Limine* to Exclude or Limit Report and Testimony of Les Alexander.[1] Plaintiff Pride has filed an Opposition.[2] Defendant LaPorte has filed a Reply.[3] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies the Motion.

**I.     FACTUAL BACKGROUND**

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW") as well as Pride Marketing and Procurement, Inc. ("Pride").[4] LaPorte conducted independent audits

---

[1] R. Doc. 95.
[2] R. Doc. 128.
[3] R. Doc. 146.
[4] *See* R. Doc. 1-3 at ¶ 8.

of FSW and Pride for both 2013 and 2014.[5] Ronald J. Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[6] Pride, as majority owner and guarantor of FSW, has also filed suit alleging it was harmed by LaPorte's negligent audit reports. It is these allegations of professional negligence that underly the current dispute.

Pride retained Les Alexander, a certified public accountant, to render an opinion as to whether LaPorte conducted its audits of Pride for 2013 and 2014 in accordance with accounting audit standards and whether its audit reports caused the financial collapse of FSW.[7] Mr. Alexander issued three reports: the February 18, 2019 report, the June 26, 2020 report, and the October 12, 2020 report.[8] On November 11, 2020, Mr. Alexander was deposed in connection with this matter.[9] Mr. Alexander's opinion regarding LaPorte's audits of Pride's financial statements for 2013 and 2014 is that the audits contained a number of flaws and that they caused the damages claimed by Pride.[10]

LaPorte now moves to limit the testimony of Mr. Alexander.[11] LaPorte argues that Mr. Alexander failed to consider relevant information when formulating his

---

[5] *Id.* at ¶¶ 11-12.
[6] *See generally id.*
[7] R. Doc. 95.
[8] *Id.*
[9] *Id.* The parties are reminded that, pursuant to the Scheduling Order, only pertinent pages of deposition transcripts should be submitted. *See* R. Doc. 55 at p.2, bolded and underlined. Mr. Alexander's entire deposition transcript should not have been included as an exhibit in R. Doc. 128.
[10] *Id.*
[11] *Id.*

opinion, specifically regarding the intermingling of Pride and FSW as well as the knowledge of Pride and FSW's management regarding FSW's financial status.

Pride has filed an Opposition.[12] Pride counters that Mr. Alexander reviewed "nearly all of the voluminous evidence produced in this case."[13] Pride also defends Mr. Alexander's opinion that FSW was a variable interest entity of Pride because of Pride's ability to direct important activities of FSW. Pride concludes that because FSW was a variable interest entity of Pride, the financial statements of the two companies should have been consolidated during the audit process.

LaPorte has filed a Reply.[14] LaPorte contends that Mr. Alexander's reports make assumptions about what Pride could or should have done. It further contends that Mr. Alexander failed to review the internal communications of FSW and Pride, which demonstrate that Pride's management was both aware that FSW failed to post a letter of credit and of other business decisions made by FSW.

## II.   LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[15] Rule 702, which governs the admissibility of expert testimony,[16] provides the following:

---

[12] R. Doc. 128.
[13] *Id.*
[14] R. Doc. 146.
[15] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[16] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) The testimony is based on sufficient facts or data;
> > (c) The testimony is the product of reliable principles and methods; and
> > (d) The expert has reliably applied the principles and methods to the facts of the case.[17]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[18] and *Kumho Tire Co. v. Carmichael*.[19] The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter.[20] After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[21] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[22]

### III. ANALYSIS

The principal issue before the Court is whether Mr. Alexander's expert reports are based on sufficient facts to be deemed admissible. LaPorte alleges that Mr.

---

[17] Fed. R. Evid. 702.
[18] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[19] 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
[20] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[21] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[22] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).

Alexander relied on insufficient records to form the basis of his expert opinion and failed to account for facts detailing Pride management's knowledge of FSW operations.

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[23] "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'"[24] Federal Rule of Evidence 703 provides for the admissibility of an expert's opinion if the sources underlying that opinion are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."[25] Notably, it is the role of the adversarial system, not the court, to highlight weak evidence.[26]

Mr. Alexander relied on numerous documents when preparing his expert reports.[27] His deposition testimony was that, "To the extent it's been produced in this case, I've seen it."[28] This Court has held that "[c]ompany records and statements by company personnel are types of data reasonably relied upon by accountants, and

---

[23] *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).
[24] *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.)).
[25] Fed. R. Evid. 703.
[26] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[27] The Court notes that LaPorte has filed Motions *in Limine* to strike the report and testimony of experts Harold Asher, Les Alexander, and Deen Kemsley; Pride has filed Motions *in Limine* to exclude the Accounting Panel Opinion and the report and testimony of Kurt Ostriecher; and Hof has filed a Motion *in Limine* to strike the report and testimony of Kurt Ostriecher. Thus, the Court has had the opportunity to review the sufficiency of each expert's opinions.
[28] R. Doc. 146-1 at 91.

opinions based on those types of information are typically admissible under Rule 703."[29] Mr. Alexander reviewed "nearly all of the voluminous evidence produced in this case."[30] The record reveals that Mr. Alexander attended or read every deposition taken thus far in the present case; reviewed the workpapers prepared by LaPorte during its audit of Pride; reviewed documents produced in this litigation; reviewed the time records of LaPorte's employees connected to the audits; completed the audit forms personally as though he was conducting the audit of Pride's financial statements; and viewed all of the documentation in the Pride audit file.[31] As an expert witness, Mr. Alexander is not required to review every document related to FSW's business decisions and bankruptcy, but rather a sufficient amount to serve as a basis for his expert opinion. Here, Mr. Alexander has done so.

Similarly, an expert is not required to address every fact in the record, or every allegation made by a party. This Court has recognized that when a large majority of the fact issues are unresolved, it is more likely that the parties will rely upon their own version of the facts which in turn influences the expert reports before the Court.[32] Here, LaPorte disputes several of Mr. Alexander's opinions, including whether FSW was a variable interest entity of Pride and how aware Pride's management was of FSW's business decisions. Accordingly, the Court must defer to the jury's role as the

---

[29] *Alonso v. Westcoast Corp.*, No. 13-00563-BAJ-RLB, 2015 WL 9076404, at *4 (citing *Mac Sales v. E.I. Dupont De Nemours & Co.*, Civ. A. No. 89-4571, 1992 WL 396864, at *5 (E.D. La. Dec. 18, 1992) (citing *Int'l. Adhesive Coating Co. v. Bolton Emerson Intl.*, 851 F.2d 540, 544-45 (1st Cir. 1988).
[30] R. Doc. 128.
[31] R. Doc. 128, Ex. 1, Deposition of Les Alexander at p. 115.
[32] *Legier & Materne v. Great Plains Software, Inc.*, No. Civ.A. 03-0278, 2005 WL 1431666, at *13 (E.D. La. Aug. 3, 2005).

proper arbiter of disputes between conflicting opinions.[33] The Fifth Circuit has determined it is the role of the adversarial system, not the court, to highlight weak evidence.[34] Accordingly, at trial, LaPorte is free to cross examine Mr. Alexander and present evidence of the documents or facts it contends he failed to consider when formulating his opinion. Insofar as LaPorte seeks exclusion of Mr. Alexander's reports as based on insufficient or unreliable facts or data, the Court determines that the documents reviewed by Mr. Alexander serve as a reliable basis for him to formulate his expert opinion.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Defendant LaPorte's Motion *in Limine* to Exclude or Limit Testimony of Les Alexander is **DENIED**.

New Orleans, Louisiana, September 30, 2021.

*Wendy B Vitter*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[33] *United States v. 14.38 Acres of Land, Mor or Less Sit. in Leflore County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).
[34] *Primrose Operating*, 382 F.3d at 562.