UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

**THIS RULING APPLIES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Plaintiff Ronald J. Hof's Motion *in Limine* to Limit Testimony of Kurt Oestriecher.[1] Defendant LaPorte has filed an Opposition.[2] Plaintiff Pride has also filed a related Motion *in Limine* to Exclude or Limit Report and Testimony of Kurt Oestriecher, which was later supplemented once Mr. Oestriecher's deposition transcript became available.[3] Defendant LaPorte has filed an Opposition.[4] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies both Motions.

---

[1] R. Doc. 108-2.
[2] R. Doc. 109.
[3] R. Doc. 96-1; R. Doc. 140.
[4] R. Doc. 142.

I.  **FACTUAL BACKGROUND**

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW") as well as Pride Marketing and Procurement, Inc. ("Pride").[5] LaPorte conducted independent audits of FSW and Pride for both 2013 and 2014.[6] Ronald J. Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[7] Pride, as majority owner and guarantor of FSW, has also filed suit alleging it was harmed by LaPorte's negligent audit reports. It is these allegations of professional negligence that underly the current dispute.

LaPorte retained Kurt Oestriecher, a certified public accountant, to render an opinion as to whether LaPorte conducted its audits of FSW and Pride for 2013 and 2014 in accordance with accounting audit standards and whether its audit reports caused the financial collapse of FSW.[8] Mr. Oestriecher issued a report on August 3, 2020 as well as a supplemented report on September 28, 2020.[9] On October 14, 2020, Mr. Oestriecher was deposed in connection with this matter.[10] Mr. Oestriecher's opinion regarding LaPorte's audits of FSW and Pride's financial statements for 2013 and 2014 is that the audits did not cause the damages claimed by FSW and Pride.[11]

---

[5] *See* R. Doc. 1-3 at ¶ 8.
[6] *Id.* at ¶¶ 11-12.
[7] *See generally id.*
[8] R. Doc. 109.
[9] R. Doc. 109.
[10] R. Doc. 108-2.
[11] *Id.* at p. 117:12-16.

Hof now moves to limit the testimony of Kurt Oestriecher.[12] Hof argues that Mr. Oestriecher's reports are not supported by facts and specifically that Mr. Oestriecher relied upon the Accounting Review Panel's Opinion. Inasmuch as Mr. Oestriecher previously stated it was "inappropriate" to provide an opinion without reviewing the audit work papers, Hof contends that Mr. Oestriecher's report should be stricken for the same reason, namely, that he relied on the Accounting Review Panel's Opinion. Thus, Hof argues that Mr. Oestriecher's report fails to meet the standards for experts outlined in Federal Rule of Evidence 702.[13]

LaPorte has filed an Opposition.[14] LaPorte argues that Mr. Oestriecher reviewed a plethora of sources beyond the Accounting Review Panel's Opinion and relied on them when drafting his expert report, including LaPorte's audit reports, FSW and Pride financials, and various depositions. LaPorte also contends that, while Mr. Oestriecher reviewed the Panel Opinion, he never cited the Accounting Review Panel Opinion in his report's responses to Plaintiff's expert report.

Separately, Pride has also filed a similar Motion *in Limine* to Exclude or Limit Report and Testimony of Kurt Oestriecher.[15] Pride argues that Mr. Oestriecher's report and testimony must be excluded or limited because he failed to rely on sufficient relevant data for his opinions and ignored key facts negative to LaPorte when drafting his export report. LaPorte has filed an Opposition to Pride's Motion *in*

---

[12] R. Doc. 108-2.
[13] *Id.*
[14] R. Doc. 109.
[15] R. Doc. 96-1; R. Doc. 141.

*Limine* in which it reiterates that Mr. Oestriecher's opinions are fully supported and are based on his review of relevant facts and evidence.[16]

## II. LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[17] Rule 702, which governs the admissibility of expert testimony,[18] provides the following:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) The testimony is based on sufficient facts or data;
> (c) The testimony is the product of reliable principles and methods; and
> (d) The expert has reliably applied the principles and methods to the facts of the case.[19]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[20] and *Kumho Tire Co. v. Carmichael*.[21] The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to

---

[16] R. Doc. 142.
[17] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[18] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).
[19] Fed. R. Evid. 702.
[20] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[21] 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).

render an opinion on a particular subject matter.[22]  After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[23]  The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[24]

### III.  ANALYSIS

The principal issue before the Court is whether Mr. Oestriecher's expert report is based on sufficient facts to be deemed admissible. Both Hof and Pride allege that Mr. Oestriecher relied on insufficient records to form the basis of his expert opinion and failed to account for multiple failures in LaPorte's audits. Hof also alleges that Mr. Oestriecher's reliance upon the Accounting Review Panel Opinion regarding the 2013 audit report was improper because "all facts and data from the 2013 audit were missing from the Panel's materials," and thus his expert report relies on insufficient records.[25]

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[26] "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the

---

[22] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[23] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[24] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).
[25] R. Doc. 108-2.
[26] *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).

rule.'"[27] Federal Rule of Evidence 703 provides for the admissibility of an expert's opinion if the sources underlying that opinion are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."[28] Notably, it is the role of the adversarial system, not the court, to highlight weak evidence.[29]

Mr. Oestriecher relied on numerous documents, many of which Plaintiff Hof and Pride's experts relied on as well.[30] This Court has held that "[c]ompany records and statements by company personnel are types of data reasonably relied upon by accountants, and opinions based on those types of information are typically admissible under Rule 703."[31] While Mr. Oestriecher's report relied upon the Accounting Review Panel Report, in part, he also reviewed documents including: FSW and Pride financial documents related to its audits in 2013 and 2014; LaPorte's documents related to the 2013 and 2014 audit reports; Tracy Tufts' depositions; the Accounting Review Panel Proceedings; accounting standards; the FSW Collateral Review conducted by JP Morgan Chase; Harold Asher's expert report; the deposition of Madhu Natarajan; and various accounting guides.[32] As an expert witness, Mr.

---

[27] *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.)).
[28] Fed. R. Evid. 703.
[29] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[30] The Court notes that Pride has filed Motions *in Limine* to exclude the Accounting Panel Opinion and the report and testimony of Kurt Ostriecher; LaPorte has filed Motions *in Limine* to strike the report and testimony of Pride's experts Harold Asher, Les Alexander, and Deen Kemsley; and Hof has filed a Motion *in Limine* to strike the report and testimony of Kurt Ostriecher. Thus, the Court has had the opportunity to review the sufficiency of each expert's opinions.
[31] *Alonso v. Westcoast Corp.,* No. 13-00563-BAJ-RLB, 2015 WL 9076404, at *4 (citing *Mac Sales v. E.I. Dupont De Nemours & Co.*, Civ. A. No. 89-4571, 1992 WL 396864, at *5 (E.D. La. Dec. 18, 1992) (citing *Int'l. Adhesive Coating Co. v. Bolton Emerson Intl.*, 851 F.2d 540, 544-45 (1st Cir. 1988).
[32] R. Doc. 142, Exhibit B, Deposition of Kurt Oestriecher pp. 17-21.

Oestriecher is not required to review every document related to FSW's business decisions and bankruptcy, but rather a sufficient amount to serve as a basis for his expert opinion. Here, Mr. Oestriecher has done so.

Similarly, Mr. Oestriecher is not required to address every fact in the record, or every allegation made by Hof or Pride or by their experts. This Court has recognized that when a large majority of the fact issues are unresolved, it is more likely that the parties will rely upon their own version of the facts which in turn influences the expert reports before the Court.[33] Accordingly, the Court must defer to the jury's role as the proper arbiter of disputes between conflicting opinions.[34] The Fifth Circuit has determined it is the role of the adversarial system, not the court, to highlight weak evidence.[35] Accordingly, at trial, Hof and Pride are free to cross examine Mr. Oestriecher and present evidence of the documents or facts they allege that he failed to consider when formulating his opinion. However, the documents reviewed by Mr. Oestriecher serve as a reliable basis for him to formulate his expert opinion.

---

[33] *Legier & Materne v. Great Plains Software, Inc.*, No. Civ.A. 03-0278, 2005 WL 1431666, at *13 (E.D. La. Aug. 3, 2005).
[34] *United States v. 14.38 Acres of Land, Mor or Less Sit. in Leflore County, Miss.* 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987).
[35] *Primrose Operating*, 382 F.3d at 562.

## IV. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff Hof's Motion *in Limine* to Limit Testimony of Kurt Oestriecher is **DENIED**. **IT IS FURTHER ORDERED** that Plaintiff's Motion *in Limine* to Exclude or Limit Report and Testimony of Kurt Oestriecher is **DENIED**.

New Orleans, Louisiana, September 30, 2021.

*[signature: Wendy B Vitter]*
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**