UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **PRIDE CENTRIC RESOURCES, INC., FORMERLY KNOWN AS PRIDE MARKETING AND PROCUREMENT, INC.** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-10163 c/w 19-10696** |
| **LAPORTE, A PROFESSIONAL ACCOUNTING CORPORATION, ET AL.** | **SECTION D (1)** |

**THIS RULING APPLIES TO ALL CASES**

**ORDER AND REASONS**

Before the Court is Defendant LaPorte's Motion *in Limine* to Exclude the Testimony of Harold Asher.[1] Plaintiff Ronald J. Hof has filed an Opposition,[2] and LaPorte has filed a Reply.[3] Defendant LaPorte has also filed a related Motion to Strike the Affidavit of Harold Asher which was attached to Plaintiff Hof's Opposition.[4] Plaintiff Hof has filed a separate Opposition to the Motion to Strike.[5] After careful consideration of the parties' memoranda, the record, and the applicable law, the Court denies both Motions.

---

[1] R. Doc. 114.
[2] R. Doc. 160 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA). The Court is unable to determine why Plaintiff's Opposition was not correctly docketed in the consolidated matter, 19-cv-10163, and has addressed this with the Clerk's Office for correction. The Court further notes that it appears Plaintiff's Opposition was not timely filed. However, the Court will consider it in its analysis of the merits of the motion.
[3] R. Doc. 115.
[4] R. Doc. 124.
[5] R. Doc. 125.

I. **FACTUAL BACKGROUND**

This is an accounting malpractice case. LaPorte, A Professional Accounting Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW").[6] LaPorte conducted independent audits of FSW for both 2013 and 2014.[7] Ronald J. Hof, Trustee for FSW's bankruptcy estate, alleges that LaPorte failed to conduct these audits properly, resulting in significant damage and ultimately the bankruptcy of FSW.[8] It is these allegations of professional negligence that underly the current dispute.

Hof retained Harold Asher, a certified public accountant, to render an opinion as to whether LaPorte conducted its audit of FSW for 2013 and 2014 in accordance with the Accepted Auditing Standards and also to calculate damages.[9] Mr. Asher issued three reports dated June 22, 2020, August 17, 2020, and October 5, 2020.[10] On October 7, 2020, Mr. Asher was deposed in connection with this matter and opined that Laporte's 2013 audit of FSW caused the damages claimed by FSW.[11]

LaPorte now moves to exclude the testimony of Harold Asher.[12] LaPorte argues that Mr. Asher's testimony must be excluded because Mr. Asher reportedly did not review FSW's complete financial records for 2013 and 2014, specifically FSW's books and records, including meeting minutes and email communications among FSW

---

[6] *See* R. Doc. 1-3 at ¶ 8.
[7] *Id.* at ¶¶ 11-12.
[8] *See generally id.*
[9] R. Doc. 114, Exhibit 1, Deposition Transcript of Harold Asher, p. 31:7-10.
[10] *Id.* at p. 10-11.
[11] *Id.* at p. 117:12-16. The parties are reminded that, pursuant to the Scheduling Order, only pertinent pages of deposition transcripts should be submitted. *See* R. Doc. 55 at p.2, bolded and underlined. Mr. Asher's entire deposition transcript should not have been included as an exhibit.
[12] R. Doc. 114.

management. LaPorte further asserts that because Mr. Asher did not identify when specifically FSW's management was aware of the company's financial distress, his conclusion that LaPorte's 2013 and 2014 audit reports caused FSW's bankruptcy is invalid. Finally, LaPorte states that Mr. Asher has not performed an audit since 2002, presumably implying that Mr. Asher is not qualified to serve as an expert, although LaPorte does not argue that explicitly.

Hof has filed an Opposition.[13] Hof argues that Mr. Asher relied on over 30 documents when drafting his expert report, including LaPorte's audit work papers, FSW's financial books and records as maintained in Quickbooks, accounting standards, LaPorte's communications, and numerous documents related to FSW loans. In support, Hof attached an affidavit from Mr. Asher clarifying what documents he requested and reviewed. Hof notes that LaPorte does not point to any specific document that Mr. Asher failed to review and that Mr. Asher reviewed thousands of total pages, including a number of irrelevant documents that were not utilized in his expert report. Hof also avers that the Court's role as a gatekeeper does not replace the traditional adversary system and the place of the jury within the system.[14] Additionally, Hof asserts that Mr. Asher is qualified to serve as a forensic accounting expert, noting his professional accounting certifications, his history of forensic accounting consulting experience, and the experience of Mr. Asher's staff member Jason Roth.

---

[13] R. Doc. 160 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).
[14] *Id.*

LaPorte has filed a Reply.[15] It argues that Mr. Asher failed to consider relevant and available financial data and that his expert reports are fraught with unfounded assumptions, frequently assuming "what FSW could, would, or should have done" if it had known of its financial struggles.[16] As a result, Mr. Asher's expert report fails to connect LaPorte's alleged negligent audit reports and FSW's damages. LaPorte also argues Mr. Asher should be precluded from testifying regarding LaPorte's 2014 audit report because his opinions regarding FSW's damages stem from the 2013 audit.

Separately, LaPorte has also filed a related Motion to Strike in which it seeks to strike the affidavit of Harold Asher attached in Hof's Response to the Motion *in Limine* to Exclude the Testimony of Harold Asher.[17] LaPorte argues that the affidavit is untimely, provides new opinions, and contradicts Mr. Asher's deposition testimony. Hof has filed an Opposition in which it argues the affidavit was timely filed and is not contradicted by Mr. Asher's previous deposition testimony.[18]

## II. LEGAL STANDARD

When expert testimony is challenged, the party seeking to present the testimony has the burden of proving, by a preponderance of the evidence, that the testimony satisfies Federal Rule of Evidence 702.[19] Rule 702, which governs the admissibility of expert testimony,[20] provides the following:

---

[15] R. Doc. 115.
[16] *Id.*
[17] R. Doc. 124.
[18] R. Doc. 125.
[19] *Moore v. Ashland Chemical Inc.*, 151 F.3d 269, 276 (5th Cir. 1998).
[20] *In re Chinese Manufactured Drywall Products Liability Litigation*, Civ. A. No. 09-6687, 2010 WL 8368083, at *2 (E.D. La. Feb. 17, 2010).

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>
> > (a) The expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> > (b) The testimony is based on sufficient facts or data;
> > (c) The testimony is the product of reliable principles and methods; and
> > (d) The expert has reliably applied the principles and methods to the facts of the case.[21]

The current version of Rule 702 reflects the Supreme Court's decisions in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*[22] and *Kumho Tire Co. v. Carmichael.*[23] The threshold inquiry in determining whether an individual may offer expert testimony under Rule 702 is whether the individual possesses the requisite qualifications to render an opinion on a particular subject matter.[24] After defining the permissible scope of the expert's testimony, the court must determine whether the opinions are reliable and relevant before they can be admitted.[25] The purpose of *Daubert* is "to ensure that only reliable and relevant expert testimony is presented to the jury."[26]

---

[21] Fed. R. Evid. 702.
[22] 509 U.S. 579, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993).
[23] 526 U.S. 137, 119 S.Ct. 1167, 143 L.Ed.2d 238 (1999).
[24] *Wagoner v. Exxon Mobil Corp.*, 813 F. Supp. 2d 771, 798 (E.D. La. 2011).
[25] *United States v. Valencia*, 600 F.3d 389, 424 (5th Cir. 2010) (citing *Daubert*, 509 U.S. at 592-93, 113 S.Ct. 2786).
[26] *Rushing v. Kansas City Southern Ry. Co.*, 185 F.3d 496, 506 (5th Cir. 1999) (superseded by statute on other grounds) (citing *Daubert*, 509 U.S. at 590-93, 113 S.Ct. 2786).

## III.  ANALYSIS

### A. LaPorte's Motion to Strike Affidavit of Harold Asher

The first issue the Court must address is LaPorte's Motion to Strike Mr. Asher's Affidavit and Hof's corresponding Opposition to the Motion to Strike. The Federal Rules of Civil Procedure "authorize[] federal courts to control and expedite the discovery process through a scheduling order."[27]  Consistent with this authority, the Court has "broad discretion" to enforce its scheduling order.[28] Federal Rule of Civil Procedure 16 allows a court to exclude expert testimony or strike pleadings if a party fails to comply with deadlines imposed by a scheduling order.[29] A district court has broad discretion in determining how to best preserve the integrity and purpose of its scheduling order.[30]

The Court deems the affidavit to be timely, as it did not provide new testimony, expert opinions, or supplement Mr. Asher's previously filed expert reports or testimony. Instead, Mr. Asher's affidavit seeks to clarify which FSW company documents he requested when preparing his expert report, an issue which ultimately did not prove dispositive when ruling on LaPorte's Motion *in Limine*. Accordingly, LaPorte's Motion to Strike Affidavit of Harold Asher is denied.

---

[27] *Barrett v. Atlantic Richfield Co.*, 95 F.3d 375, 380 (5th Cir. 1996) (*citing* Fed. R. Civ. P. 16).
[28] *In re Pool Products Distribution Market Antitrust Litigation*, MDL No. 2328, 2014 WL 3353232, at *1 (E.D. La. July 9, 2014) (Vance, J.) (citing *Geiserman v. MacDonald*, 893 F.2d 787, 790 (5th Cir. 1990)); *See, Huffman v. Turner Indus. Grp., LLC*, Civ. A. No. 12-1061, 2013 WL 2285124, at *5 (E.D. La. May 22, 2013) (Brown, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)).
[29] *Matter of Honey Island Adventure, LLC*, Civ. A. No. 16-6940 c/w 16-10728 c/w 17-2652 c/w 17-2896, 2017 WL 6559871, at *2 (E.D. La. Dec. 22, 2017) (*citing* Fed. R. Civ. P. 16(f)(1); Fed. R. Civ. P. 37(b)(2)(A)).
[30] *Huffman v. Turner Indus. Grp., LLC*, Civ. A. No. 12-1061, 2013 WL 2285124, at *5 (E.D. La. May 22, 2013) (Brown, J.) (citing *Sw. Bell Tel. Co. v. City of El Paso*, 346 F.3d 541, 547 (5th Cir. 2003)).

### B. LaPorte's Motion *in Limine* to Exclude the Testimony of Harold Asher

Having addressed LaPorte's Motion to Strike, the Court next turns to LaPorte's Motion *in Limine* to Exclude the Testimony of Harold Asher and the associated Response by Hof and Reply by LaPorte. The issue before the Court is narrow—namely, whether Mr. Asher's expert report is based on sufficient facts to be deemed admissible.[31] LaPorte's argument focuses on the second requirement under Federal Rule of Evidence 702: "(b) the testimony is based on sufficient facts or data."[32] Specifically, LaPorte argues that Mr. Asher failed to review sufficient FSW company records before forming his expert opinion.

As a general rule, questions relating to the bases and sources of an expert's opinion affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration.[33] "Notwithstanding *Daubert*, the Court remains cognizant that 'the rejection of expert testimony is the exception and not the rule.'"[34] Federal Rule of Evidence 703 provides for the admissibility of an expert's opinion if the sources underlying that opinion are "of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject."[35]

---

[31] The Court notes that LaPorte has filed Motions *in Limine* to strike the report and testimony of experts Harold Asher, Les Alexander, and Deen Kemsley; Pride has filed Motions *in Limine* to exclude the Accounting Panel Opinion and the report and testimony of Kurt Ostriecher; and Hof has filed a Motion *in Limine* to strike the report and testimony of Kurt Ostriecher. Thus, the Court has had the opportunity to review the sufficiency of each expert's opinions.
[32] Fed. R. Evid. 702.
[33] *United States v. 14.38 Acres of Land, More or Less Sit. In Leflore County, Miss.*, 80 F.3d 1074, 1077 (5th Cir. 1996) (quoting *Viterbo v. Dow Chemical Co.*, 826 F.2d 420, 422 (5th Cir. 1987)).
[34] *Johnson v. Samsung Elecs. Am., Inc.*, 277 F.R.D. 161, 165 (E.D. La. 2011) (citing Fed. R. Evid. 702 Advisory Committee Note (2000 amend.)).
[35] Fed. R. Evid. 703.

It is the role of the adversarial system, not the court, to highlight weak evidence through traditional methods of vigorous cross-examination and presentation of conflicting expert or fact evidence.[36]

LaPorte does not identify any specific document Mr. Asher failed to review, but rather refers broadly to "FSW's books and records, including meeting minutes and email communications among FSW management."[37] LaPorte's argument focuses on Mr. Asher's conclusions of LaPorte's negligence, which it disagrees with, as proof that he did not review the necessary documents to formulate his opinion. Specifically, LaPorte contends that because Mr. Asher cannot identify when FSW's company expansion plans were made or when FSW management was aware of the company's insolvency, he did not review the appropriate documents to serve as an expert auditor qualified to render an opinion regarding LaPorte's audit.

During his deposition, Mr. Asher identified "thousands of pages" of documents that he had reviewed, including LaPorte's audit working papers, FSW financial records, auditing and accounting standards, FSW balance sheets, and FSW loan documents when preparing his expert reports.[38] Hof also notes that Mr. Asher reviewed extensive documents that were ultimately not cited in his expert report. As an expert witness, Mr. Asher is not required to review every document related to FSW's business decisions and bankruptcy, but rather a sufficient amount to serve as a basis for his expert opinion. As noted above, the Fifth Circuit has determined it is

---

[36] *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004).
[37] R. Doc. 114.
[38] R. Doc. 160; *see also* R. Doc. 114, Exhibit 1, Deposition Transcript of Harold Asher.

the role of the adversarial system, not the court, to highlight weak evidence.[39] The Court is fully satisfied that during trial, counsel for Laporte is perfectly able to, and will, take the opportunity to cross examine Mr. Asher and present evidence of any documents he failed to consider when formulating his opinion. Moreover, Mr. Asher's expertise may be cross-examined as well, including his prior experience in performing audits as well as his expertise as a financial forensic expert. On the record before the Court, the Court finds that Asher's testimony is based on sufficient facts or data.

## IV.   CONCLUSION

**IT IS HEREBY ORDERED** that Defendant's Motion to Strike Affidavit of Harold Asher is **DENIED**. **IT IS FURTHER ORDERED** that Defendant's Motion *in Limine* to Exclude the Testimony of Harold Asher is **DENIED**.

New Orleans, Louisiana, September 30, 2021.

_____
**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**

---

[39] *Primrose Operating*, 382 F.3d at 562.