UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

PRIDE CENTRIC RESOURCES,                         CIVIL ACTION
INC., FORMERLY KNOWN AS
PRIDE MARKETING AND
PROCUREMENT, INC.

VERSUS                                           NO. 19-10163 c/w
                                                 19-10696

LAPORTE, A PROFESSIONAL                          SECTION D (1)
ACCOUNTING CORPORATION,
ET AL.

THIS RULING APPLIES TO ALL CASES

ORDER AND REASONS

Before the Court is Defendant LaPorte's Motion *in Limine* to Exclude Report

and Testimony of Deen Kemsley.[1] Plaintiff Hof has filed an Opposition.[2] Defendant

LaPorte has filed a Reply.[3] After careful consideration of the parties' memoranda, the

record, and the applicable law, the Court grants the Motion.

I.      FACTUAL BACKGROUND

This is an accounting malpractice case. LaPorte, A Professional Accounting

Corporation ("LaPorte"), is a Louisiana accounting firm. LaPorte was hired as an

independent auditor for FoodServiceWarehouse.Com, LLC, ("FSW") as well as Pride

Marketing and Procurement, Inc. ("Pride").[4] LaPorte conducted independent audits

---

[1] R. Doc. 105.
[2] R. Doc. 106.
[3] R. Doc. 107.
[4] *See* R. Doc. 1-3 at ¶ 8.

of FSW and Pride for both 2013 and 2014.[5] Both Hof and Pride filed separate complaints against LaPorte with the Louisiana Accountancy Review Panel. Both alleged that LaPorte's negligent 2013 and 2014 audit reports caused their respective financial difficulties. It is these allegations of professional negligence that underly the current dispute.

Hof retained Deen Kemsley, PhD, an accounting professor, to render an opinion regarding the accuracy of the report written by its previously retained expert, Harold Asher. Hof explains that its expert, Mr. Asher, consulted Dr. Kemsley for an independent evaluation of both Mr. Asher's expert report and LaPorte's opposing expert's report.[6] Dr. Kemsley reviewed both expert reports, as well as two shareholder agreements of Pride, and concluded that Mr. Asher's opinion that LaPorte's 2013 and 2014 audit reports of FSW caused Hof's damages is correct.[7] Hof disclosed Dr. Kemsley's report on August 17, 2020, the date Plaintiff's rebuttal expert reports were due.

LaPorte now moves to exclude the report and testimony of Dr. Kemsley.[8] LaPorte claims that Dr. Kemsley's expert report is untimely and that he was not properly disclosed as a witness in violation of this Court's Scheduling Orders.[9] LaPorte further argues that Dr. Kemsley should not be permitted to be designated

---

[5] *Id.* at ¶¶ 11-12.
[6] R. Doc. 106.
[7] R. Doc. 107.
[8] R. Doc. 105.
[9] R. Doc. 27 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

late as a witness because his report contains conclusory statements regarding Plaintiff's other expert report by Harold Asher.

Hof has filed an Opposition.[10] Hof counters that Dr. Kemsley's expert report is not untimely because Dr. Kemsley is not an expert witness. Instead, Hof contends that Dr. Kemsley's report is "simply documentation of Mr. Asher's ongoing due diligence, and provided purely for the purpose of demonstrating a source he utilized and consulted in preparation of his rebuttal report."[11] Hof states that it has no intention of calling Dr. Kemsley to testify at trial or offering his expert report as evidence at trial.

LaPorte has filed a Reply.[12] LaPorte argues that Dr. Kemsley's report is inadmissible because of its late disclosure and that Plaintiff's purported use of the report, to support Mr. Asher's expert report, is improper. LaPorte argues it is the jury's role to determine which expert's opinion should be given more weight and that doing so via peer reviewed expert reports is improper.

## II.    LEGAL STANDARD

Rule 16(b) of the Federal Rules of Civil Procedure authorizes the district court to control and expedite pretrial discovery through a Scheduling Order. Consistent with the authority vested in the trial court by Rule 16, the Fifth Circuit has provided the trial court "broad discretion to preserve the integrity and purpose of the pretrial

---

[10] R. Doc. 106.
[11] *Id.*
[12] R. Doc. 107.

order."[13] Moreover, a trial court's decision to exclude evidence as a means of enforcing a pretrial order "must not be disturbed" absent a clear abuse of discretion.[14] District courts are given broad discretion in determining whether to exclude expert testimony when a party has failed to designate such witnesses in accordance with pretrial orders.[15]

In determining whether to permit the late designation of an expert, district courts apply the four-factor test established by the Fifth Circuit, considering (1) the explanation given for the failure to identify the witness; (2) the importance of the witness's testimony; (3) potential prejudice to the opposing party in allowing the witness's testimony; and (4) the possibility that a continuance would cure such prejudices.[16]

## III.   ANALYSIS

The first issue the Court must address is whether Dr. Kemsley's report was untimely. On January 29, 2020, the Court issued a Scheduling Order setting the Plaintiff's deadline to provide written expert reports for no later than April 22, 2020.[17] On April 6, 2020, this Court issued an Amended Scheduling Order ordering the Plaintiff to provide written reports of its expert witnesses 25 days after the 30(b)(6)

---

[13] *Geiserman v. MacDonald*, 893 F.2d 787, 790–91 (5th Cir. 1990) (citing *Hodges v. United States*, 597 F.2d 1014, 1018 (5th Cir. 1979)) (affirmed refusal to modify pre-trial order); *see also* Fed.R.Civ.P. 16(b), Advisory Committee Note (trial court may modify scheduling order for good cause).
[14] *Id.* citing *Davis v. Duplantis*, 448 F.2d 918, 921 (5th Cir.1971); Fed.R.Civ.P. 16(f) (court may sanction party's failure to comply with scheduling order by excluding evidence).
[15] *See Geiserman*, 893 F.2d at 790 (5th Cir. 1990).
[16] *Betzel v. State Farm Lloyds*, 480 F.3d 704 (5th Cir. 2007); *see also Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 913 (5th Cir. 2012).
[17] R. Doc. 22 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

deposition of Defendant, LaPorte.[18] The 30(b)(6) deposition of LaPorte was conducted

on May 21, 2020 and May 27, 2020.[19] On June 1, 2020, the Plaintiff filed its witness

list, which did not include Deen Kemsley.[20] On July 31, 2020, the Plaintiff's deadline

to provide supplemental written expert reports was extended to September 2, 2020

and the deadline to file Plaintiff's written rebuttal expert reports was extended to

August 17, 2020.[21] On August 17, 2020, the Plaintiff provided a rebuttal report of its

previously disclosed expert Harold Asher as well as the initial expert report of Deen

Kemsley.

Collectively, the provisions of Rule 26 of the Federal Rules of Civil Procedure

require parties to disclose the identity of their expert witnesses, as well as those

experts' reports in accordance with the deadlines established by the court's

Scheduling Order.[22] The purpose of requiring disclosure of expert reports is to notify

opposing parties of the scope and content of the expert's proposed testimony.[23] The

failure to meet a court-ordered deadline regarding an expert report is no trifling

matter.[24] "If a party fails to provide information or identify a witness as required by

---

[18] R. Doc. 27 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

[19] R. Doc. 105.

[20] R. Doc. 30 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

[21] R. Doc. 55 in *Hof v. LaPorte*, Case No. 2:19-cv-10696-WBV-JVM (EDLA).

[22] *See* Fed.R.Civ.P. 26(a)(2) (requiring disclosure of identity and written reports of expert witnesses); Fed.R.Civ.P. 26(a)(3)(B) (providing default deadlines for expert disclosures that apply "[u]nless the court orders otherwise").

[23] *Matthews v. Allstate Ins. Co.*, 731 F.Supp.2d 552, 559 (E.D. La. 2010).

[24] *Red Dot Bldgs. v. Jacobs Technology, Inc.*, No. 11–1142, 2012 WL 2061904, at *3 (E.D. La. Jun. 7, 2012) (explaining that exclusion of the evidence when a party fails to meet a court ordered deadline regarding expert reports is mandatory and automatic unless the party demonstrates substantial justification or harmlessness); *see also Lampe Berger USA, Inc. v. Scentier, Inc.*, No. 04–354–C–M2, 2008 WL 3386716, at *4 (M.D. La. Aug. 8, 2008) (refusing to allow expert supplemental report because allowing such report would "simply flout the deadlines this Court has been reluctant to extend on several occasions" and noting that the Court has "inherent power to control its docket and to prevent undue delays")

Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[25] The Fifth Circuit has provided the trial court with "broad discretion to preserve the integrity and purpose of the pretrial order."[26] Accordingly, district courts are given broad discretion in determining whether to exclude expert testimony when a party has failed to designate such witnesses in accordance with pretrial orders.[27]

Here, Dr. Kemsley's report was untimely. Per the Court's Scheduling Order, Plaintiff had until 25 days after the 30(b)(6) deposition of Defendant, LaPorte, to provide written reports of its expert witnesses. The 30(b)(6) corporate deposition of LaPorte took place on May 21 and May 27, 2020; thus, Plaintiff had until June 22, 2020 to provide its expert reports. While Plaintiff filed its witness list and other expert reports on time, it did not include Dr. Kemsley on its list as an expert. Plaintiff then filed the expert report of Dr. Kemsley at the rebuttal expert report deadline, claiming Dr. Kemsley's report is not an expert report but rather "simply documentation of Mr. Asher's ongoing due diligence."[28] The Court rejects this characterization.[29] Dr. Kemsley is a PhD accounting professor at Tulane University

---

[25] Fed.R.Civ.P. 37(c)(1).

[26] *Geiserman*, 893 F.2d at 790–91, citing *Hodges*, 597 F.2d at 1018.

[27] *See Geiserman*, 893 F.2d at 790.

[28] R. Doc. 105. The Court notes that Plaintiff did not classify Dr. Kemsley's report as either a rebuttal expert witness report or a supplemental expert witness report. Regardless, Dr. Kemsley's report does not meet the qualifications to be considered either a rebuttal expert witness report or a supplemental expert witness report.

[29] The Court notes that Plaintiff does not cite any law where a court has admitted a late witness report that provides documentation of ongoing due diligence.

who frequently serves as an expert witness.[30] His report analyzes both Plaintiff

expert Harold Asher's report and Defendant expert Kurt Oestriecher's report, as well

as two shareholder agreements of Pride, and then opines on which report is most

accurate. Dr. Kemsley relied upon his professional background and education,

performed his own analysis, and then provided his opinion on the correctness of two

expert reports pivotal to this case. These actions are all in keeping with those of an

expert witness. Regardless, even if Dr. Kemsley was not deemed an expert witness,

the same disclosure deadlines in the Scheduling Order apply to lay witnesses.

Accordingly, Plaintiff should have disclosed Dr. Kemsley as a witness when it filed

its witness list and when it submitted its written expert reports.

The Court next turns to evaluate whether to admit Dr. Kemsley's late report.

The Fifth Circuit evaluates four factors when determining whether to admit late

expert reports: (1) the explanation given for the failure to identify the witness; (2) the

importance of the witness's testimony; (3) potential prejudice to the opposing party

in allowing the witness's testimony; and (4) the possibility that a continuance would

cure such prejudices.[31]

The Court first evaluates Hof's explanation for why Dr. Kemsley was not

identified as a witness. Hof argues that Dr. Kemsley is not a witness and that his

report is not an exhibit, thus the requirements of the Court's Scheduling Order do not

apply.[32] Instead, Hof asserts that Dr. Kemsley was a professional whom Harold Asher

---

[30] R. Doc. 105-3, pp. 3, 10-11

[31] *Smith v. Johnson & Johnson, Inc.*, 483 F. App'x 909, 913 (5th Cir. 2012).

[32] R. Doc. 106.

consulted with while performing his own expert analysis.[33] Hof explains that Dr. Kemsley's report was provided purely "to demonstrate the outside testing and peer review of Mr. Asher's report regarding Laporte's accounting and auditing failures."[34] Hof contends that Dr. Kemsley's report is simply documentation of Mr. Asher's ongoing due diligence and was provided to demonstrate a source utilized by Mr. Asher in preparation of his rebuttal report.[35]

The Court is not persuaded by Hof's characterization of Dr. Kemsley's report. The Fifth Circuit has refused to admit untimely expert disclosures when parties had adequate time to solicit experts and prepare reports.[36] The present litigation has been ongoing for several years, with multiple continuances and extensions of discovery deadlines, and Plaintiff has had numerous opportunities to consult with experts and finalize its expert reports. Plaintiff's failure to properly follow this Court's Scheduling Order and its decision to designate a new expert well past the Court's deadline is a backdoor attempt to add a new expert witness past this Court's deadline. Thus, the first factor weighs against admitting Dr. Kemsley's expert report.

The Court next evaluates the importance of the witness's testimony. Dr. Kemsley's report serves to bolster Harold Asher's expert report by confirming his finding that LaPorte's 2013 and 2014 audit reports damaged FSW. However, Dr.

---

[33] *Id.*
[34] *Id.*
[35] *Id.*
[36] *See Sierra Club, Lone Star Chapter v. Cedar Point Oil Co. Inc.*, 73 F.3d 546, 573 (5th Cir. 1996) (finding that untimely expert disclosures were not justified because party "had over nine months to solicit experts and prepare reports" on contested issues).

Kemsley did not perform his own analysis of LaPorte's audit, but rather merely reviewed Hof's expert Harold Asher's report, LaPorte's expert Kurt Oestriecher's report, and two shareholder agreements of Pride. Courts generally only admit untimely expert reports if they are essential to the case, such as to prove damages.[37] Here, Dr. Kemsley's report serves no essential purpose, but rather largely reiterates and confirms the findings of a preexisting expert, Harold Asher. Thus, this second factor weighs against Plaintiff.

The Court next considers whether admitting Dr. Kemsley's expert report would potentially prejudice the opposing party, in this case LaPorte. Here, the Court finds it would. Dr. Kemsley's report solely benefits Hof and lends additional credence to Plaintiff's expert Harold Asher's report. Dr. Kemsley has not been deposed in the present manner and the deadline to solicit and submit expert reports has passed. In addition, Dr. Kemsley's report claims to have weighed both Plaintiff's and LaPorte's expert reports and determined that Plaintiff's expert report is correct. The role of weighing the evidence and determining credibility belongs to the jury, not to one party's expert. Thus, this third factor weighs against Plaintiff.

The Court turns to the final Fifth Circuit factor: whether a continuance would cure such prejudices. Given that this case has been pending for several years, the fact that both parties have been granted continuances, and the fact that trial has been

---

[37] *See Betzel v. State Farm Lloyds*, 480 F.3d 704, 707 (5th Cir. 2007) (finding that expert testimony was "essential" because without experts, the plaintiff could not prove any damages); *Complete Prop. Res., LLC v. City of New Orleans*, No. 04-3267, 2006 WL 197006, at *2 (E.D. La. Jan. 25, 2006) (denying leave to file untimely expert report because "[w]hile plaintiff's damages may be of importance to its case, plaintiff has not established that an expert is necessary").

postponed multiple times, the Court determines that both parties have had sufficient time to solicit, designate, and depose expert witnesses. Accordingly, the Court finds an additional continuance to be inappropriate at this time.

Upon evaluating the four Fifth Circuit factors, the Court finds that they weigh against allowing Dr. Kemsley's report being admitted. Plaintiff has failed to show that its untimely designation of expert testimony was substantially justified or harmless.

## IV.    CONCLUSION

**IT IS HEREBY ORDERED** that Defendant LaPorte's Motion *in Limine* to Exclude to Exclude Report and Testimony of Deen Kemsley is **GRANTED**.

New Orleans, Louisiana, September 30, 2021.

**WENDY B. VITTER**
**UNITED STATES DISTRICT JUDGE**